# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK



|  |  |
|---|---|
| MILAGROS IMPORTS LIMITED, a New York corporation, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: TBD |
| PROGRESS VANTAGE LIMITED, a Foreign corporation, | : |
| Defendant. | : |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff Milagros Imports Ltd., ("Milagros") alleges as follows:

## I.  JURISDICTION AND VENUE

1.    This is an action for declaratory judgment, arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to determine the respective rights of the parties regarding ownership of the "BETTA" trademark.

2.    Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

3.    Venue is proper under 28 U.S.C. § 1391 because defendant Progress Vantage Limited ("Progress") is subject to personal jurisdiction in the Southern District of New York.

## II.   **PARTIES**

4.      Milagros is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.  Milagros distributes and sells footwear and other personal goods bearing the BETTA mark in retail stores in the United States and Canada, including the Southern District of New York.

5.      Upon information and belief, Progress is a corporation organized and existing under the laws of China, with is principal place of business in Kwai Chung, New Territories, Hong Kong.  Progress also does business in China and in the United States through its subsidiary, Goddess Footwear Company ("Goddess Footwear").  Progress manufactures footwear and other goods bearing various marks, including the BETTA mark.  Until recently, Progress routinely served as one of several manufacturers in China for Milagros.  At Milagros's request, Progress routinely manufactured and shipped goods bearing the BETTA mark for Milagros's sale in the United States.  Progress designated an attorney located in Seattle, Washington for purposes of filing an application before the United States Patent and Trademark Office.  That attorney threatened immediate litigation against Milagros.

6.      Progress has conducted business on a routine basis in the Southern District of New York sufficient to establish minimum contacts within the forum supporting the exercise of jurisdiction by this Court.

## III.   **FACTUAL BACKGROUND**

7.      Milagros sells footwear and other personal goods bearing the BETTA mark including house slippers, socks, and spa headbands throughout the United States and Canada.

1345399-1                                        2

8.    The BETTA mark is represented as the word "BETTA" in a stylized design with particular colors, specific sizes, and an elegant font.  The word "BETTA" was chosen as Milagros's mark because of its availability at the time Milagros entered the market and developed its brand.  Milagros dictates the specific color and size of the mark on its goods.

9.    Milagros developed the BETTA brand in the United States.  Milagros was the first company in the United States to use the BETTA mark in connection with footwear and other personal goods.  Milagros made first use of the BETTA mark in the United States at least as early as November 2003 and has made continuous and exclusive use of the BETTA mark in commerce in the United States since at least as early as April 2004 in connection with its footwear and other personal products.

10.    Milagros's name is the only name that appears on any packaging or promotional materials in connection with its goods sold bearing the BETTA mark.  Milagros exercises control over the nature and quality of the goods on which the BETTA mark appears.  Milagros pays for all advertising and promotion of its goods bearing the BETTA mark.  Consumers look to Milagros as standing behind those goods.  Complaints for defects are directed to Milagros.

11.    Milagros has not authorized anyone else to use the BETTA mark in the United States.

12.    Milagros goods bearing the BETTA mark are manufactured to Milagros's specifications by various manufacturers in China and Korea.  Progress has served as one of several manufacturers for Milagros over the past several years.  Progress has long known that Milagros uses several different manufacturing companies to manufacture goods bearing the same BETTA mark.  Progress has never been Milagros's exclusive manufacturer of goods bearing the BETTA mark, and Milagros never intended to buy exclusively from Progress.

13.    Progress has long been aware of the continuous and exclusive use of the BETTA mark in the United States by Milagros, and has previously taken actions inconsistent with its current position alleging ownership. For example, in March 2006, Milagros received a letter from the purported owner of the BETTA mark in Australia alleging infringement of its mark in the United States. The marks, on their faces, are different colors, sizes, and styles.

14.    Although Milagros contacted Progress to confer about the origin of the ownership of the Australian mark, Progress made no attempt to defend the mark in which it now claims ownership rights. Milagros, however, engaged counsel to defend its ownership rights in the BETTA mark in the United States based on use. Milagros successfully defended against the allegation of infringement.

15.    On June 15, 2004, Progress applied for registration in the United States for the BETTA mark, U.S. Application Serial No. 76598013, claiming use of the mark in connection with house slippers since March 21, 2003, and use in commerce since January 15, 2004.

16.    Upon information and belief, Progress has never used the BETTA mark in the United States in connection with any goods or services.

17.    Upon information and belief, by stating in its application that Progress' first use of the BETTA mark was on March 21, 2003 and its first use in commerce was on January 15, 2004, Progress has knowingly made false or fraudulent representations of use.

18.    Progress' application was initially refused but has recently been approved for publication. Milagros is filing an opposition to Progress' application for registration of the BETTA mark.

19.    In the meantime, representatives of Progress' subsidiary, Goddess Footwear, have contacted Milagros's customers to solicit sales of footwear bearing the BETTA mark in the

United States. As the former manufacturer of slippers designed and marketed by Milagros, Progress has had access to Milagros's confidential business information, including the identity of and contact information for Milagros's customers.

20.    On November 22, 2006, Progress sent an e-mail informing Milagros that it intended to sell the BETTA mark in the United States, and that Milagros would have to "use a different brand" in the future.

21.    Milagros acted affirmatively to defend its rights. On March 2, 2007, Milagros sent a cease and desist letter to Progress. Milagros demanded, among other things, that Progress assign the published application to register the BETTA mark to Milagros or abandon the published application. Progress refused to do either, responding instead with its own demands.

22.    On March 9, 2007, Milagros sent a cease and desist letter to Lisa Napolitano, an agent of Goddess Footwear in St Louis, Missouri. Ms. Napolitano failed to respond.

23.    On April 19, 2007, Progress' attorney informed Milagros that, absent an agreement whereby Milagros denied its ownership of the BETTA mark by April 23, 2007, Progress would file an action for trademark infringement and seek injunctive relief. This action followed.

## IV.    DECLARATORY JUDGMENT

24.    Milagros alleges and incorporates herein all preceding paragraphs.

25.    Milagros brings this cause of action pursuant to 28 U.S.C. §§ 2201 and 2202 to obtain a declaration of its rights.

26.    Based on the acts, conduct, and statements of Progress, Milagros formed a reasonable apprehension and belief that Progress intends to and will sue Milagros for trademark infringement in the immediate future.

27.    An actual controversy exists between Milagros and Progress regarding their respective rights to use the BETTA mark in the United States.

28.    Milagros desires a judicial determination of the foregoing controversy and a declaration by the Court of the parties' respective rights with respect to all such matters alleged.

29.    As a result of Milagros's superior rights in the BETTA mark, as more particularly set forth above, Milagros is entitled to a declaration that Milagros is the owner of the BETTA mark in the United States.

## V.    **REQUEST FOR RELIEF**

30.    WHEREFORE, Milagros respectfully requests the following relief:

(a)    An order declaring that Milagros is the owner of the BETTA mark in the United States;

(b)    An order directing Progress to abandon its attempt to register the BETTA mark under U.S. Application Serial No. 76598013;

(c)    A preliminary and permanent injunction enjoining Progress and its directors, officers, employees, attorneys, agents, and all persons acting in concert with, or participating with, any of the foregoing, from further acts contacting or soliciting Milagros's customers;

(d)    An order directing Progress to cease and desist representations regarding its ownership rights in the BETTA mark in the United States;

(e)    An order prohibiting use by Progress of the BETTA mark in the United States;

1345399-1                                6

(f)     An award of any and all damages arising from this controversy;

(g)     An award of attorneys' fees and costs incurred in this action; and

(h)     Such other relief that the Court deems just and proper.


DATED:  April 20, 2007                    KENYON & KENYON LLP
New York, New York


                              By:   _Jonathan D. Recihman_
                                    Jonathan D. Recihman (JDR-3243)
                                    Justin M. Kayal (JMK-5183)
                                    One Broadway
                                    New York, NY 10004
                                    Phone: 212-425-7200
                                    Fax:   212-425-5288



                                    - and -


                              STOLE RIVES LLP


                              Vanessa Soriano Power
                              600 University Street, Suite 3600
                              Seattle, WA  98101
                              Telephone:  (206) 624-0900
                              Fax:  (206) 386-7500


                              Attorneys for Plaintiff
                              *Milagros Imports Limited*


1345399-1                            7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



|  |  |
|---|---|
| MILAGROS IMPORTS LIMITED, a New York corporation, | : |
| Plaintiff, | : |
| v. | : Civil Action No. TBD |
| PROGRESS VANTAGE LIMITED, a Foreign corporation, | : |
| Defendant. | : |

**COMPLAINT FOR DECLARATORY**
**JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff Milagros Imports Ltd., ("Milagros") alleges as follows:

## I.   JURISDICTION AND VENUE

1.     This is an action for declaratory judgment, arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to determine the respective rights of the parties regarding ownership of the "BETTA" trademark.

2.     Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

3.     Venue is proper under 28 U.S.C. § 1391 because defendant Progress Vantage Limited ("Progress") is subject to personal jurisdiction in the Southern District of New York.

## II.  PARTIES

4.      Milagros is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.  Milagros distributes and sells footwear and other personal goods bearing the BETTA mark in retail stores in the United States and Canada, including the Southern District of New York.

5.      Upon information and belief, Progress is a corporation organized and existing under the laws of China, with is principal place of business in Kwai Chung, New Territories, Hong Kong. Progress also does business in China and in the United States through its subsidiary, Goddess Footwear Company ("Goddess Footwear").  Progress manufactures footwear and other goods bearing various marks, including the BETTA mark.  Until recently, Progress routinely served as one of several manufacturers in China for Milagros.  At Milagros's request, Progress routinely manufactured and shipped goods bearing the BETTA mark for Milagros's sale in the United States.  Progress designated an attorney located in Seattle, Washington for purposes of filing an application before the United States Patent and Trademark Office.  That attorney threatened immediate litigation against Milagros.

6.      Progress has conducted business on a routine basis in the Southern District of New York sufficient to establish minimum contacts within the forum supporting the exercise of jurisdiction by this Court.

## III.  FACTUAL BACKGROUND

7.      Milagros sells footwear and other personal goods bearing the BETTA mark including house slippers, socks, and spa headbands throughout the United States and Canada.

1345399-1                                2

8.    The BETTA mark is represented as the word "BETTA" in a stylized design with particular colors, specific sizes, and an elegant font. The word "BETTA" was chosen as Milagros's mark because of its availability at the time Milagros entered the market and developed its brand. Milagros dictates the specific color and size of the mark on its goods.

9.    Milagros developed the BETTA brand in the United States. Milagros was the first company in the United States to use the BETTA mark in connection with footwear and other personal goods. Milagros made first use of the BETTA mark in the United States at least as early as November 2003 and has made continuous and exclusive use of the BETTA mark in commerce in the United States since at least as early as April 2004 in connection with its footwear and other personal products.

10.    Milagros's name is the only name that appears on any packaging or promotional materials in connection with its goods sold bearing the BETTA mark. Milagros exercises control over the nature and quality of the goods on which the BETTA mark appears. Milagros pays for all advertising and promotion of its goods bearing the BETTA mark. Consumers look to Milagros as standing behind those goods. Complaints for defects are directed to Milagros.

11.    Milagros has not authorized anyone else to use the BETTA mark in the United States.

12.    Milagros goods bearing the BETTA mark are manufactured to Milagros's specifications by various manufacturers in China and Korea. Progress has served as one of several manufacturers for Milagros over the past several years. Progress has long known that Milagros uses several different manufacturing companies to manufacture goods bearing the same BETTA mark. Progress has never been Milagros's exclusive manufacturer of goods bearing the BETTA mark, and Milagros never intended to buy exclusively from Progress.

13.     Progress has long been aware of the continuous and exclusive use of the BETTA mark in the United States by Milagros, and has previously taken actions inconsistent with its current position alleging ownership. For example, in March 2006, Milagros received a letter from the purported owner of the BETTA mark in Australia alleging infringement of its mark in the United States. The marks, on their faces, are different colors, sizes, and styles.

14.     Although Milagros contacted Progress to confer about the origin of the ownership of the Australian mark, Progress made no attempt to defend the mark in which it now claims ownership rights. Milagros, however, engaged counsel to defend its ownership rights in the BETTA mark in the United States based on use. Milagros successfully defended against the allegation of infringement.

15.     On June 15, 2004, Progress applied for registration in the United States for the BETTA mark, U.S. Application Serial No. 76598013, claiming use of the mark in connection with house slippers since March 21, 2003, and use in commerce since January 15, 2004.

16.     Upon information and belief, Progress has never used the BETTA mark in the United States in connection with any goods or services.

17.     Upon information and belief, by stating in its application that Progress' first use of the BETTA mark was on March 21, 2003 and its first use in commerce was on January 15, 2004, Progress has knowingly made false or fraudulent representations of use.

18.     Progress' application was initially refused but has recently been approved for publication. Milagros is filing an opposition to Progress' application for registration of the BETTA mark.

19.     In the meantime, representatives of Progress' subsidiary, Goddess Footwear, have contacted Milagros's customers to solicit sales of footwear bearing the BETTA mark in the

United States.  As the former manufacturer of slippers designed and marketed by Milagros,

Progress has had access to Milagros's confidential business information, including the identity of

and contact information for Milagros's customers.

20.    On November 22, 2006, Progress sent an e-mail informing Milagros that it intended to

sell the BETTA mark in the United States, and that Milagros would have to "use a different

brand" in the future.

21.    Milagros acted affirmatively to defend its rights.  On March 2, 2007, Milagros sent a

cease and desist letter to Progress.  Milagros demanded, among other things, that Progress assign

the published application to register the BETTA mark to Milagros or abandon the published

application.  Progress refused to do either, responding instead with its own demands.

22.    On March 9, 2007, Milagros sent a cease and desist letter to Lisa Napolitano, an agent of

Goddess Footwear in St Louis, Missouri.  Ms. Napolitano failed to respond.

23.    On April 19, 2007, Progress' attorney informed Milagros that, absent an agreement

whereby Milagros denied its ownership of the BETTA mark by April 23, 2007, Progress would

file an action for trademark infringement and seek injunctive relief.  This action followed.

## IV.    DECLARATORY JUDGMENT

24.    Milagros alleges and incorporates herein all preceding paragraphs.

25.    Milagros brings this cause of action pursuant to 28 U.S.C. §§ 2201 and 2202 to obtain a

declaration of its rights.

26.    Based on the acts, conduct, and statements of Progress, Milagros formed a reasonable

apprehension and belief that Progress intends to and will sue Milagros for trademark

infringement in the immediate future.

1345399-1                                         5

27.     An actual controversy exists between Milagros and Progress regarding their respective rights to use the BETTA mark in the United States.

28.     Milagros desires a judicial determination of the foregoing controversy and a declaration by the Court of the parties' respective rights with respect to all such matters alleged.

29.     As a result of Milagros's superior rights in the BETTA mark, as more particularly set forth above, Milagros is entitled to a declaration that Milagros is the owner of the BETTA mark in the United States.

## V.     REQUEST FOR RELIEF

30.     WHEREFORE, Milagros respectfully requests the following relief:

(a)     An order declaring that Milagros is the owner of the BETTA mark in the United States;

(b)     An order directing Progress to abandon its attempt to register the BETTA mark under U.S. Application Serial No. 76598013;

(c)     A preliminary and permanent injunction enjoining Progress and its directors, officers, employees, attorneys, agents, and all persons acting in concert with, or participating with, any of the foregoing, from further acts contacting or soliciting Milagros's customers;

(d)     An order directing Progress to cease and desist representations regarding its ownership rights in the BETTA mark in the United States;

(e)     An order prohibiting use by Progress of the BETTA mark in the United States;

1345399-1                                6

(f)    An award of any and all damages arising from this controversy;

(g)    An award of attorneys' fees and costs incurred in this action; and

(h)    Such other relief that the Court deems just and proper.


DATED:  April 20, 2007                                    KENYON & KENYON LLP
New York, New York


                                        By:    _Jonat D. Recihman_____
                                               Jonathan D. Recihman (JDR-3243)
                                               Justin M. Kayal (JMK-5183)
                                               One Broadway
                                               New York, NY 10004
                                               Phone: 212-425-7200
                                               Fax:    212-425-5288



                                               - and -



                                               STOLE RIVES LLP


                                               Vanessa Soriano Power
                                               600 University Street, Suite 3600
                                               Seattle, WA  98101
                                               Telephone:  (206) 624-0900
                                               Fax:  (206) 386-7500


                                               Attorneys for Plaintiff
                                               *Milagros Imports Limited*


1345399-1                                    7