```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MILAGROS IMPORTS LIMITED, a ) 07-CV-3215 (SHS)
New York corporation, )
                                    )
            Plaintiff,          ) EFC CASE
                                    )
      v.                          )
                                    )
PROGRESS VANTAGE LIMITED, )
a foreign corporation,     )
                                    )
            Defendant.       )
---

## STIPULATION

The parties to this action ("Parties or Party"), through their undersigned counsel of record, hereby stipulate and agree to entry of this Protective Order relating to documents that the parties intend to produce in response to discovery requests. The Parties acknowledge that some documents may contain sensitive information of a confidential nature.

The Parties desire to exchange this information for purposes of this action, but agree to maintain its confidentiality and not to distribute or otherwise communicate such information to any person outside of this lawsuit, except as permitted herein and to the extent that such information is not made public by the producing party after the date the Parties execute this protective order.

Therefore, to effectuate their agreement, the Parties stipulate to the following:

1.     When used in this Protective Order, the word "Information" means all documents or other materials or information produced in response to discovery requests.

Seattle-3383139.3 0074068- 00001

2. The Parties agree that such Information may contain information of a confidential, proprietary, and/or commercially sensitive nature, and that any unauthorized release of the Information would cause irreparable harm.

3. The Parties agree that, except with the prior written consent of the producing party via the procedures set forth in paragraph 8 below, the attorneys and Parties herein shall use any such Information or deposition testimony designated by any party as "Confidential" only for purposes of this action, and shall not disclose such Confidential Information, except as otherwise provided herein, to any person other than:

   a. The Court and any persons employed by the Court, including the Court-assigned mediator, whose duties require access to any materials filed in connection with this action;

   b. Legal counsel for any Party in this action, their legal associates, paralegals, clerical and other support staff assisting in the representation of the Party to this action;

   c. Parties;

   d. Actual witnesses and potential witnesses in this action, and their counsel, to the extent reasonably deemed necessary by counsel for the witness's preparation for testimony;

   e. Outside consultants and experts (and their employees) retained for the purpose of assisting in the prosecution and/or defense of this action;

   f. Court reporters; and

   g. Employees of copying and/or microfilming services utilized with respect to this action for the prosecution or defense thereof.

4.  Prior to disclosure of any Confidential Information, any person included under subsections (d), (e) and (f) of paragraph 3 shall agree in writing to comply with this Order by executing a Certificate of Knowledge of and Compliance with Stipulated Protective Order indicating that he or she has received and reviewed this Order and agrees to be bound by its terms. The Certificate shall be in the form attached as Exhibit A.

5.  A producing party also may designate as "Highly Confidential – Attorney's Eyes Only" any Information that the producing party reasonably believes contains highly sensitive proprietary, financial and/or commercial sensitive information that would cause severe and irreparable competitive harm if it were to be disclosed to another party.

6.  Information designated as "Highly Confidential – Attorney's Eyes Only" shall be subject to the same protections provided for Confidential Information set forth in paragraphs 3 and 4, except that such Highly Confidential – Attorney's Eyes Only Information may not be disclosed to: (1) persons described in paragraph 3(c) without the prior written consent by the producing party; or (2) persons described in 3(d) or 3(e) (and also not within paragraph 3(c)), without at least ten (10) days prior notice to the producing party under circumstances allowing the producing party to obtain adequate protection with respect to Highly Confidential – Attorney's Eyes Only Information either by agreement or by application to the Court.

7.  Confidential Information shall not be made available to any independent expert witness, consultant, potential lay witness, or deponent unless, prior to disclosure, the person is first asked to agree to be bound by the terms of this Order as set forth above. If such person refuses to be bound by the terms of this Order, no confidential Information may be shown to that person outside the context of a sworn deposition. Persons who

refuse to agree to the terms of this Order may be shown Confidential Information during the course of a deposition, but will not be allowed to keep a copy of the confidential Information or the transcript of the deposition if the transcript recites, references, or describes the contents of the confidential Information.

8. Whenever a deposition taken on behalf of any party involves a disclosure of confidential Information of either party, either party may designate all or portions of said deposition as containing confidential Information; any such designation, and the material so designated, shall be made subject to the provisions of this Protective Order; any such designation may be made on the record, but a party may designate all or portions of depositions as containing Confidential Information after transcription; a party shall have until fourteen (14) days after receipt of the deposition transcript within which to inform the other parties of the portions of the transcript designated "CONFIDENTIAL," and the right to make such designation shall be waived unless made within the fourteen (14) day period.

9. Any party may challenge the designation of any Information as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by giving written notice that such party intends to seek permission of the Court to allow disclosure of such information. Notice must be made to the party who submitted the data or information not less than fourteen (14) business days prior to filing any motion. If, within ten (10) business days after receipt of the notice, the party who submitted the data or information makes a written objection to the party giving the notice specifying the reasons why the information is entitled to designation as "highly confidential," the material shall not be disclosed unless this Court so orders. If timely written objection is not made, the party who submitted the information shall be deemed to have waived any objection to the

disclosure of the designated information to that person and such disclosure may proceed without further order of the Court.

10. With respect to any communications to the Court containing Information designated as "Confidential" or "Highly Confidential," including any pleadings, motions or other papers, any Party seeking to file Information designated as "Confidential" or "Highly Confidential" by another Party shall provide 10 days advance notice of the proposed filing, so that any other Party may move to have the Information filed under seal.

11. In the event that counsel for any Party at any time believes that any Information should not be protected as Confidential or Highly Confidential – Attorney's Eyes Only under the Stipulated Protective Order, such Party shall so notify the other party in writing as provided in paragraph 9, and they shall attempt to resolve such dispute on an informal basis. If the informal process does not produce a mutually acceptable resolution of such dispute, any Party may apply to the Court or, if a Discovery Master is appointed, to the Discovery Master for an order as to whether the contested document(s) should remain confidential under the Stipulated Protective Order. During the pendency of such motion, the confidential status of the document shall continue. In connection with such motion, the burden of establishing confidentiality shall remain with the party producing the document and claiming confidentiality. If the Court or Discovery Master determines that there was no reasonable basis for designating the information as "confidential" or "highly confidential," the designating party shall be responsible for all reasonable costs and expenses (including attorney's fees) incurred in connection with any motion to remove such designation.

12. Inadvertent failure to designate any material "Confidential" or "Highly Confidential – Attorney's Eyes Only" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" or "Highly Confidential – Attorney's Eyes Only" in accordance with this Order.

13. Except as otherwise agreed in writing, at the conclusion of this action, whether the action be settled, otherwise resolved in full prior to trial, or tried on the merits, the obligations imposed by this Stipulated Protective Order shall remain in effect. All copies of Confidential Information or Highly Confidential – Attorney's Eyes Only Information shall be promptly returned to the producing party upon request, or destroyed by agreement of the Parties.

14. Any person receiving Confidential Information or Highly Confidential – Attorney's Eyes Only Information under this Stipulation and Order who is served with a subpoena for any such Information shall give counsel for the parties to this Stipulation and Order at least seven (7) days' notice (or reasonable notice if the time for compliance with the subpoena is less than seven (7) days) before producing any such material.

15. The terms of this Stipulation and Order shall survive any settlement, discontinuance, dismissal, severance, judgment, or other disposition of this litigation, and the Court shall continue to retain jurisdiction to enforce the terms of this Stipulation and Order.

The Parties, through their undersigned counsel of record, hereby stipulate and agree to entry of this Protective Order.

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Daniel S. Moretti (DM 6630)
Attorneys for Plaintiff Milagros Imports Limited
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800
dmoretti@lcbf.com

STORCH AMINI & MUNVES PC

By: _____
Benjamin L. Felcher Leavitt (BL 7363)
Attorneys for Defendant Progress Vantage Limited
140 E. 45th St., 25th Floor
New York, NY 10017
(212)-490-4100
bleavitt@samlegal.com

*This stipulation may be modified for good cause shown.*

**ORDER**

IT IS SO ORDERED.

DATED this ____ day of _____, 2008.

_____
United States District Judge Sidney H. Stein