UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILLAGROS IMPORTS LIMITED, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESS VANTAGE LIMITED, a foreign corporation,<br><br>Defendant. | MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND <u>ANSWER TO COUNTERCLAIM</u><br><br>07-CV-3215 (SHS) |

## I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff Milagros Imports Limited ("Milagros") moves for leave to amend its Answer to Defendant/Counterclaimant Progress Vantage Limited's ("PVL") Counterclaim to include the Statute of Frauds as an additional affirmative defense. During the deposition of PVL's owner on February 20, 2008, Milagros became aware of the specific terms of an alleged oral license agreement upon which PVL stakes its claim. Milagros now has a good faith belief that it can assert a defense under the statute of frauds. PVL apparently disagrees with Milagros's anticipated application of the statute of frauds to prove the invalidity of the alleged oral agreement. The ultimate analysis of Milagros's defense, however, is for the Court's determination. Allowing Milagros to amend its Answer to the Counterclaim to include the Statute of Frauds as an affirmative defense will cause no prejudice to PVL and will serve the interests of justice under Fed. R. Civ. P. 15(a).

## II.   FACTUAL BACKGROUND

In 2003, Irene-Luisa Torres started her own company in New York named Milagros. Milagros grew out of Ms. Torres's interest, after many years working in the footwear industry, of

1

developing and selling her own brands of footwear. *See* Declaration of Vanessa Soriano Power ("Power Decl.") at ¶2, Ex. 1 at 88:15-89:15. Ms. Torres called on friendships developed during her years in the industry in starting her new company. *Id.* at 30:8-20. In turn, Milagros enlisted the manufacturing companies owned by those friends to make Milagros products. *Id.* at 125:13-23. One of those manufacturers was PVL, a Hong Kong Company with factories in China. *See* Dkt. #1 (Complaint) at ¶12.

This case arises out of a dispute between Milagros and PVL over who owns the "BETTA" mark in the United States. Milagros asserts that it is the owner of the "BETTA" mark in the United States based on its first use of the mark in commerce in the United States. Dkt. #1 (Complaint) at ¶9. PVL alleges that one of its owners, William Wong, entered into an oral agreement with Ms. Torres to license the use of the "BETTA" mark in the United States. Dkt. #10 (Answer and Counterclaim) at ¶55. Milagros denies that any such oral license agreement ever existed. *See* Dkt. #15 (Plaintiff's Answer to Defendant's Counterclaim) at ¶55.

In his deposition on February 20, 2008, Mr. Wong admitted that there is no written license agreement between Milagros and PVL governing the ownership and use of the "BETTA" mark in the United States. Power Decl. at ¶3, Ex. 2. Mr. Wong could specify no date on which the alleged agreement was entered into, but conceded that it was at least before October 2003. *Id.* at 158:15-159:15. With regard to the duration of the alleged oral agreement, Mr. Wong testified that he never discussed the length of the alleged agreement with Ms. Torres, but made clear that he expected the alleged agreement would last at least two years:

> Q. What was the length of the alleged agreement?
> A. We didn't discuss it.
> Q. What did you expect it to be?
> A. We expect[ed] to review it every two years.

2

least two years. Given the application of New York law, which provides that an agreement which is not in writing is void if, by its terms, it "is not to be performed within one year from the making thereof," (New York General Obligations Law § 5-701(a)), Milagros immediately sought to amend its Answer to assert the Statute of Frauds as an additional affirmative defense.

Further, there is no contention that PVL will suffer prejudice by Milagros's amendment of its Answer. Indeed, in discussions with PVL's counsel seeking a stipulation, PVL's counsel never raised any concerns regarding prejudice to PVL. In determining what constitutes "prejudice," courts generally consider whether the assertion of the new claim would: (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff (here, the defendant/counter-plaintiff) from bringing a timely action in another jurisdiction. *See, e.g. Tokio Marine & Fire Ins. Co.*, 786 F.2d 101, 103 (2d Cir. 1986); *Fluor*, 654 F.2d at 856; *Calloway v. Marvel Entertainment Group*, 110 F.R.D. 45, 48 (S.D.N.Y. 1986). None of the above-listed factors apply to the case at hand. In light of Milagros's consistent contention that no alleged oral license agreement exists, there is no further discovery to be had from Milagros regarding the expected duration of the alleged license. There are no facts, and has been no claim, that amendment of Milagros's Answer to the Counterclaim would cause significant delay or preclude PVL from bringing a timely action in another jurisdiction.

### IV. CONCLUSION

Plaintiff's proposed Amended Answer to Defendant's Counterclaim does nothing more than add the Statute of Frauds as an affirmative defense. *See* Power Decl. ¶5, Ex. 3. For all the foregoing reasons, Milagros' motion for leave to amend its Answer to the Counterclaim to add the statute of frauds as an affirmative defense should be granted.

Dated: New York, New York
       March 5, 2008

                          Respectfully submitted,

                          LANDMAN CORSI BALLAINE & FORD P.C.

By: *Daniel S. Moretti*
Daniel S. Moretti (DM 6630)
Attorneys for Plaintiff
Milagros Imports Limited
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

STOEL RIVES LLP

By: *Vanessa S. Power*
Vanessa Soriano Power (WSBA 30777)
*Admitted pro hac vice*
Attorneys for Plaintiff
Milagros Imports Limited
600 University Street, Suite 3600
Seattle, WA 98101
(206) 624-0900

To: Storch, Amini & Munues, P.C.
      Attorneys for Defendant
      140 E 45th Street, 25th Floor
      New York, New York 10017
      (212) 490-4100

Seattle-3409247.1 0074068-00001