# POWER DECLARATION

# EXHIBIT 2

Steven G. Storch
Benjamin L. Felcher Leavitt
Storch Amini & Munves PC
140 E. 45th St., 25th Floor
New York, New York 10017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MILAGROS IMPORTS LIMITED, a    :
New York Corporation,    :
    :
         Plaintiff,    :         07-CV-3215 (SHS)
    :
            v.    :
    :
PROGRESS VANTAGE LIMITED,    :
A Foreign corporation,    :
    :
         Defendant.    :
-------------------------------------------------------x

### DEFENDANT AND COUNTERCLAIM-PLAINTIFF PROGRESS VANTAGE LIMITED'S REPLY TO THE SECOND DISCOVERY REQUEST OF PLAINTIFF-COUNTERCLAIM-DEFENDANT MILAGROS LIMITED

Defendant and Counterclaim Plaintiff Progress Vantage Limited ("PVL"), by and through its attorneys Storch Amini & Munves PC, hereby responds and objects to Plaintiff/Counterclaim Defendant Milagros Imports Limited's ("Milagros") second discovery requests ("Second Demand").

### GENERAL OBJECTIONS

A.    PVL objects to the Second Demand to the extent that it seeks disclosure of any information or material which was prepared for or in anticipation of litigation, which constitutes work product or reveals the substance of communications protected from disclosure by the attorney-client privilege or is otherwise protected by privilege under the Federal Rules of Civil Procedure or applicable federal or state law.

- 1 -

B.      PVL objects to the Second Demand to the extent it seeks production of information or material created and maintained by non-parties, already in Milagros' possession, custody and control or that of other parties to this litigation or third parties, publicly available material and/or material not reasonably calculated to be in PVL's possession.

C.      PVL objects to the Second Demand to the extent that it exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure and/or the Local Civil Rules of the Southern District of New York.

D.      PVL is continuing to search for information and material responsive to the Demand and, without representing that any such information or material exists, reserves the right to change, supplement, or modify its responses to the Second Demand if and when such additional information and material is ascertained, analyses are made and legal research is completed, which should in no way be to the prejudice of PVL in relation to further discovery, research or analysis.

E.      By responding to the Second Demand, PVL does not concede the materiality or relevance of the subject matter of any request and its responses are expressly made subject to, and without waiving or intending to waive, any objection to the competency, relevancy, materiality, privilege or admissibility of its subject matter and/or any information or material referred to in response thereto.

F.      PVL objects to the Second Demand to the extent that it seeks the production of confidential and proprietary business documents and information.

G.      PVL objects to the definitions contained in the Second Demand to the extent they are not set forth in or consistent with Local Civil Rule 26.3.

H.      PVL objects to the Second Demand to the extent that it seeks production of documents and information which predate January 1, 2003.

I.      PVL objects to the Second Demand to the extent that it seeks production of documents and information created after, or related to events after this action was filed with the Court and, except where specifically noted otherwise, will not produce such information.  PVL further objects to the Second Demand to the extent that it seeks production of information, materials and/or documents created in connection with this litigation, even if prior to filing the complaint.

J.      Production of any documents or materials as to which a privilege could be asserted shall not constitute a waiver of any claim of privilege PVL may have as to any other documents or materials, and PVL reserves the right to recall any such privileged documents inadvertently produced.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**   Identify:

    (a)    each and every expert witness whom you intend to call as a witness at trial;

    (b)    the subject matter upon which each such expert is expected to testify;

    (c)    the substance of the facts and opinions about which each such expert is expected to testify;

    (d)    a summary of the grounds for each such opinion;

    (e)    the background, experience, and qualifications of each such expert;

    (f)    whether or not each such expert has prepared, produced, or supervised the preparation or production of one or more analyses, appraisals, reports, or other documents relating to the expert testimony; and

    (g)    the fee arrangement made with each such expert witness.

**ANSWER:**

PVL objects to Interrogatory No. 1 as premature and contrary to Rule 33.3 of the Local Rules of the United States District Courts for the Southern and Eastern District of

- 3 -

New York ("Local Rules").  Subject to the foregoing objection, PVL will identify such

person and disclose all information in a timely manner as required under the Federal

Rules of Civil Procedure, the Local Rules and any Order issued by the Court.

**REQUEST FOR PRODUCTION NO. 42:**  Produce a copy of:

      (a)   the curriculum vitae of each expert identified in response to the preceding discovery request;

      (b)   any and all written communications with each such expert;

      (c)   any and all written analyses appraisals, reports, or other documents each such expert has prepared, produced, or whose preparation or product such expert has supervised relating to the expert testimony;

      (d)   all documents upon which the expert relied in formulating any of the opinions or in preparing any one or more analyses, appraisals, reports or other documents relating to the expert testimony; and

      (e)   all documents reflecting the engagement of and/or fee arrangement made with each such expert.

**RESPONSE:**

    See Response to Interrogatory No. 1.

**INTERROGATORY NO. 2:**  Identify:

      (a)   each and every person believed by you to have knowledge or information relating to any claim or defense in this case; and

      (b)   as to each person, the issue(s) or subject(s) with respect to which you believe each such person has knowledge or information.

**ANSWER:**

          A)   Former and/or current employees of Christensen O'Connor Johnson Kindness PLLC regarding the registration of the BETTA mark in the United States Trademark and Patent Office:

             Faye L. Tomlinson

             Cindy L. Caditz

             Barbara Lang

             Calman Lieberman

1420 Fifth Avenue, Suite 2800
Seattle, WA 98101
(206) 682-8100

B)     Owners and/or representatives of Mo Betta concerning the
       registration of the BETTA mark in the United States
       Trademark and Patent Office and negotiations resulting in
       the consent letter between Progress Vantage and Mo Betta:

       Nancy Tate

       Maury Tate

       Other former and/or current employees or representatives to
       be determined.

C)     Employees and/or representatives of Milagros concerning
       the establishment of Milagros, its operations and its use of
       the Betta mark:

       Mr. Raymond Figueroa
       Mr. Ben D'Aniello

       Other employees and/or representatives of Milagros not yet
       known to Progress Vantage.

D)     Mr. Kim Gray who has knowledge concerning permission to
       use the Betta mark outside of Australia and the negotiations
       between Progress Vantage and Neet Feet concerning use of
       the Betta mark in the United States.

E)     Employees and/or representatives of Neet Feet Pty Ltd,
       including but not limited to individuals at Fross Zelnick
       Lehrman & Zissu PC:

       Mr. James E. Gray
       Ms. Susan Upton Douglass

       Other employees and/or representatives of Neet Feet not yet
       known to Progress Vantage.

F)     Ms. Betty Cheung has knowledge concerning obtaining
       permission for the use of the Betta mark outside of Australia
       and New Zealand, the registration of the Betta mark in the

- 5 -

People's Republic of China, the establishment of Milagros, use of the Betta mark in the United States and other allegations contained in the complaint and counterclaim in this action

Yuen & Partners
10th Floor, Chiyu Bank Building
No. 78 Des Voeux Road Central
HONG KONG

G)    Mr. Tom Williams has knowledge concerning the negotiations between Progress Vantage and Mo Betta concerning registration of the Betta mark in the United States Trademark and Patent Office.

H)    Mr. Burt Wanatick has knowledge concerning the establishment of Milagros and the use of the Betta mark in the United States.

I)    Individuals with knowledge concerning loans made to Milagros:

John Lau

P.W. Lam

J)    Mr. Mike Xu has knowledge concerning the registration and use of the Betta mark in the People's Republic of China.

K)    Employees and/or representatives of Wider Consolidating, Inc.:

Mr. Banny Cheng
Ms. Idy Law

Wider Consolidated, Inc.
175-35 148TH St, 2nd Floor
Jamaica, NY 11434
(718) 244-8800

L)    Current and/or former employees and/or representatives of Progress Vantage Limited and/or Goddess Footwear with knowledge of the filling of orders for Milagros by Progress Vantage:

Mr. Frank Mak

- 6 -

Anna Luo
Rainy Chan
Christine Cheng
Vincent Liang
Sarah Chan
Jenny Pi
Ruby Wang
Angel Lam
Winnie Lee

**INTERROGATORY NO. 3:** Identify:

(a)    each and every person you intend to call as a witness at trial; and
(b)    as to each person, the issues(s) or subject(s) with respect to which you
believe such will testify.

**ANSWER:**

PVL objects to Interrogatory No. 3 as premature and contrary to Rule 33.3 of the

Local Rules.  Subject to the foregoing objection, PVL will identify such person and

disclose all information in a timely manner as required under the Federal Rules of Civil

Procedure, the Local Rules and any Order issued by the Court.

**INTERROGATORY NO. 4** Identify with particularity:

(a)    all damages you seek to recover in this action;
(b)    the manner in which each element or component of such damages are
calculated; and
(c)    any and all other facts upon which you base your request for damages.

**ANSWER:**

(a) Progress Vantage will, at its election, seek as damages either all profits made

by Milagros as a result of its infringing conduct as well as trebled damages

and all attorney's costs and fees incurred in this action or statutory damages as

provided by 15 U.S.C. §1117(c);

(b) These damages will be calculated either by assessing Milagros' profits from

the distribution of goods bearing the Betta mark from November 2006, when

- 7 -

the permission to distribute goods bearing the Betta mark was terminated by

Milagros and the costs and reasonable hourly rate for all time expended by

Progress Vantage's attorneys in this matter or pursuant to the statutory

provision for damages under 15 U.S.C. §1117(c);

(c) At this time, PVL has no other basis for the calculation of damages but

reserves the right to amend this answer.

**REQUEST FOR PRODUCTION NO. 43:**    Produce any and all documents that refer
to, relate to, set forth, or otherwise evidence each and every fact identified in your
response to preceding interrogatory.

**RESPONSE:**

All such non-privileged documents have been produced and PVL further states

that any further such documents were and continue to be in the possession of Milagros.

**REQUEST FOR ADMISSION NO. 1:**  Admit that PVL has had actual knowledge that
Milagros has used manufacturers other than PVL to produce precuts bearing the Mark for
sale in commerce in the United States since 2004.

**RESPONSE:**

Progress Vantage objects to this request insofar as the term "precuts" is not

defined, that the term "actual knowledge" calls for the application of a legal conclusion,

that it unfairly suggests facts that have not been established and, as written, is not subject

to a succinct response.  Subject to the foregoing objections, PVL admits that it possessed

knowledge of Milagros' licensed use of manufacturers other than PVL to produce goods

bearing the Mark and that such use was made with the explicit permission of PVL and

pursuant to the agreement between the parties concerning Milagros' licensed use of the

Mark.

- 8 -

**REQUEST FOR PRODUCTION NO. 44:** Produce any and all documents that refer to, relate to, set forth, or otherwise evidence each and every fact identified underlying your response to preceding request for admission. If you contend that documents responsive to this request for production have already been produced, identify them by Bates number.

**RESPONSE**:

PVL objects to this request to the extent that it calls for the denomination of

documents and, therefore, calls for the production of privileged work attorney product

and is unduly burdensome. Subject to the foregoing objection, all non-privileged

responsive documents have been produced.

**REQUEST FOR ADMISSION NO. 2:** Admit that there is no written agreement between Milagros and PVL concerning the Parties' respective rights in the Mark.

**RESPONSE**:

PVL objects to this request to the extent that it assumes facts that have not been

established and is not subject to a succinct response. Subject to the foregoing objection,

PVL admits that there is no formal written agreement between it and Milagros

concerning the licensing agreement between PVL to Milagros and further states that the

parties' understanding of the oral agreement between the parties concerning the licensing

of the Mark is set forth in numerous written communications between the Parties.

**REQUEST FOR PRODUCTION NO. 45:** Produce any and all documents that refer to, relate to, set forth, or otherwise evidence each and every fact identified underlying your response to preceding request for admission. If you contend that documents responsive to this request for production have already been produced, identify them by Bates number.

**RESPONSE:**

PVL objects to this request to the extent that it calls for the denomination of

documents and, therefore, calls for the production of privileged work attorney product

- 9 -

and is unduly burdensome. Subject to the foregoing objection, all non-privileged

responsive documents have been produced.

**REQUEST FOR ADMISSION NO. 3:** Admit that PVL has never used the Mark in commerce in the United States.

**RESPONSE**:

PVL objects to this request for admission to the extent that it unfairly suggests

facts that have not been established and, as written, is not subject to a succinct response.

Subject to the foregoing objections, PVL denies that it has never used the Mark in

commerce in the United States and further states that such use has occurred by the

licensed use of the Mark and further that any use Milagros has made of the Mark has at

all times been as PVL's licensee and, therefore, has at all times inured to the benefit of

PVL.

**REQUEST FOR PRODUCTION NO. 46:** Produce any and all documents that refer to, relate to, set forth, or otherwise evidence each and every fact identified underlying your response to preceding request for admission. If you contend that documents responsive to this request for production have already been produced, identify them by Bates number.

**RESPONSE:**

PVL objects to this request to the extent that it calls for the denomination of

documents and, therefore, calls for the production of privileged work attorney product

and is unduly burdensome. Subject to the foregoing objection, all non-privileged

responsive documents have been produced.

**REQUEST FOR ADMISSION NO. 4:** Admit that neither PVL's nor Goddess's name has ever appeared on any products or packaging bearing the Mark sold in commerce in the United States.

**RESPONSE:**

- 10 -

PVL objects to this request to the extent that it unfairly suggests facts that have

not been established and is not subject to a succinct response. Subject to the foregoing

objections, PVL admits that its name did not appear on products or packaging bearing the

Mark and sold in commerce in the United States, but denies that Goddess' name did not.

PVL further states that any use Milagros has made of the Mark has at all times been as

PVL's licensee and, therefore, has at all times inured to the sole benefit of PVL.

**REQUEST FOR PRODUCTION NO. 47**: Produce any and all documents that refer to, relate to, set forth, or otherwise evidence each and every fact identified underlying your response to preceding request for admission. If you contend that documents responsive to this request for production have already been produced, identify them by Bates number.

**RESPONSE**:
        PVL objects to this request to the extent that it calls for the denomination of

documents and, therefore, calls for the production of privileged work attorney product

and is unduly burdensome. Subject to the foregoing objection, all non-privileged

responsive documents have been produced.

**REQUEST FOR ADMISSION NO. 5**: Admit that the product shown in the specimen submitted with the U.S. Trademark Application Serial No. 76598013 has never been sold by PVL or commerce in the United States.

**RESPONSE**:
        PVL objects to this Request for Admission to the extent that it unfairly suggests

facts that have not been established and is not subject to a succinct response. Subject to

the foregoing objection, PVL admits that the style of footwear submitted with the U.S.

Trademark Application Serial No. 7658013 has not been sold by PVL in commerce in the

United States but further states that the label specimen has been used in commerce in the

United States and that such licensed use of the Mark has been with explicit permission of

PVL and has inured to and been for the sole benefit of PVL.

**REQUEST FOR PRODUCTION NO. 48**:  Produce any and all documents that refer to, relate to, set forth, or otherwise evidence each and every fact identified underlying your response to preceding request for admission.  If you contend that documents responsive to this request for production have already been produced, identify them by Bates number.

**RESPONSE**:

PVL objects to this request to the extent that it calls for the denomination of

documents and, therefore, calls for the production of privileged work attorney product

and is unduly burdensome.  Subject to the foregoing objection, all non-privileged

responsive documents have been produced.

**REQUEST FOR ADMISSION NO. 6**:  Admit that, other than products bearing the Mark that were manufactured by PVL and sold by Milagros, PVL has never sold a product bearing the Mark in commerce in the United States.

**RESPONSE**:

PVL objects to this Request for Admission to the extent that it unfairly assumes

facts that have not been established and is not subject to a succinct response.  Subject to

the foregoing objection, PVL denies it did not sell goods bearing the Mark in commerce

insofar as all known sales of goods bearing the Mark were licensed sales and done with

the express permission of PVL and all such sales, as related to use of the Mark, inured to

and were for the sole benefit of PVL.

**REQUEST FOR PRODUCTION NO. 49:**  Produce any and all documents that refer to, relate to, set forth, or otherwise evidence each and every fact identified underlying your response to preceding request for admission.  If you contend that documents responsive to this request for production have already been produced, identify them by Bates number.

**RESPONSE**:

PVL objects to this request to the extent that it calls for the denomination of

documents and, therefore, calls for the production of privileged work attorney product

and is unduly burdensome.  Subject to the foregoing objection, all non-privileged

responsive documents have been produced.

- 12 -

Dated: February 1, 2008               STORCH AMINI & MUNVES PC
      New York, New York

                                        Steven G. Storch
                                      Benjamin L. F. Leavitt
                            140 E. 45th St., 25th Floor
                            New York, New York 10017
                            (212) 490-4100
                            Attorneys for Defendant and
                            Counterclaim Plaintiff Progress
                            Vantage Limited

- 13 -

## CERTIFICATION

I certify that the foregoing statements made by me in response solely to the

attached interrogatories are true.  I am aware that is any of the foregoing statements made

by them are willfully false; I am subject to punishment for contempt of court.

Dated: January __, 2008

By: _____

   William Wong
   _____ of Progress Vantage Ltd.

- 14 -