# POWER DECLARATION

# EXHIBIT 7

STORCH AMINI MUNVES PC
A New York Professional Corporation

BENJAMIN L. FELCHER LEAVITT
Member NY Bar

March 11, 2008

<u>VIA EMAIL</u>

Daniel S. Moretti, Esq.
Landsman Corsi Ballaine & Ford PC
120 Broadway, 27th Floor
New York, NY 10271

Vanessa Soriano Power, Esq.
Stole Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101

Re:   <u>Milagros Imports Limited. v. Progress Vantage Limited; Case No. 07cv 03215 (SHS)</u>

Dear Dan and Vanessa:

I am writing to request that you withdraw the Motion to Amend that Milagros Imports Limited filed in the above-captioned case on Wednesday March 5, 2008. The Statute of Frauds affirmative defense has no legal basis and is unwarranted under existing law in New York. I did not, as stated in Vanessa's Declaration, refuse to assent to the amendment because I thought the defense would "ultimately not be successful." I did not agree to the amendment because I could not agree to the assertion of an affirmative defense which I know to be unsupported by New York law.

The Motion is based solely upon the testimony of William Wong that he "expected to review" the oral agreement between the parties every two years. If there is an alternative basis other than this "expectation," it is not contained in the motion. As you know, William also testified that no duration of the agreement was discussed. Under well established New York law, a party's

Daniel S. Moretti, Esq.
Vanessa Soriano Power, Esq.
March 11, 2008
Page 2

expectation of the duration of a contract is irrelevant to an analysis of the Statute of Frauds. In New York, "[t]he questions is not what the probable, <u>or expected</u>, or actual performance of the contract was; but whether the contract, according to the reasonable interpretation of its terms, <u>required</u> that it should not be performed within the year." <u>D&N Boening, Inc. v. Kirsch Beverages, Inc.</u>, 63 N.Y.2d 449, 454 (1984)(emphasis added), quoting <u>Warner v. Texas & Pacific Ry.</u>, 164 U.S. 418, 434 (1896); <u>see</u> also <u>Mann v. Helmsley Spear, Inc.</u>, 177 A.D.2d 147, 150 (1st Dep't 1992)(test for Statute of Frauds is not based upon expectation of the parties, but upon "possibility or impossibility" of performance under the terms of the agreement).

Moreover, it is axiomatic that an "agreement conferring a license to use a trademark for an indefinite time, whether oral, written or by implication, is terminable-at-will by the licensor." <u>See</u> e.g., <u>Dial-A-Mattress Operating Corp. v. Mattress Madness, Inc.</u>, 847 F.Supp. 18, 20 fn.1 (E.D.N.Y. 1994); <u>Fusco Group, Inc. v. Loss Consultants Intern., Inc.</u>, 462 F.Supp.2d 321, 330 (N.D.N.Y. 2006), <u>citing</u> <u>Dial-A-Mattress</u>. It is also axiomatic, under New York law, that at-will contracts are by their terms terminable at any time and do not fall within the ambit of the one year prohibition of the Statute of Frauds. <u>See</u> e.g., <u>Majestic Farms Supply, Ltd. V. Service Riding Apparel, Ltd.</u>, 137 A.D.2d 501 (2d Dep't. 1988)(holding that alleged oral licensing agreement was terminable at will and, therefore, not within the ambit of the Statute of Frauds).

Here, the contract duration was not discussed by the parties and, therefore, the only basis for the Statute of Frauds defense Milagros puts forth is an unexpressed feeling of one of the parties. Such unilateral expectation cannot support the application of the Statute of Frauds. Neither the law nor the facts provide any basis for Milagros' Statue of Frauds affirmative defense.

As I have previously requested, if there are New York cases that I am unaware of that you believe support your position, please bring them to my attention. In the absence of such case law, I cannot discern any circumstances under which the evidence in this case is capable of supporting an affirmative defense of the Statute of Frauds.

As you know, the deadline for the opposition to your motion is Wednesday March 19, 2008. In the event that you will not withdraw the motion, I trust we can discuss a briefing schedule. I look forward to hearing from you soon.

Sincerely,

Benjamin L. Felcher Leavitt