Benjamin L. Felcher Leavitt
Storch Amini & Munves PC
140 E. 45th St., 25th Floor
New York, New York 10017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MILAGROS IMPORTS LIMITED, a :
New York Corporation, :
:
Plaintiff, :          07-CV-3215 (SHS)
:          ECF Case
v. :
:
PROGRESS VANTAGE LIMITED, :
A Foreign corporation, :
:
Defendant. :
------------------------------------------------------x

### DEFENDANT AND COUNTERCLAIM PLAINTIFF PROGRESS VANTAGE LIMITED'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF AND COUNTERCLAIM DEFENDANT MILAGROS IMPORTS LIMITED'S MOTION FOR LEAVE TO AMEND ITS ANSWER TO COUNTERCLAIM

Defendant and Counterclaim Plaintiff Progress Vantage Limited ("PVL"), by and through its attorneys Storch Amini & Munves PC, respectfully submits this memorandum of law in opposition to Plaintiff and Counterclaim Defendant Milagros Imports Limited's ("Milagros") Motion for Leave to Amend its Answer to the Counterclaim (the "Motion").

### INTRODUCTION

Misstating the law on the standard for granting leave to amend its counterclaim and ignoring well established New York law concerning the Statute of Frauds, Milagros submits a proposed amendment setting forth the Statute as an affirmative defense that is utterly futile. Stating only that PVL will suffer no prejudice if it is permitted to amend, Milagros conveniently omits the fact that to succeed on its motion, it must also provide a proposed amendment that has some cognizable basis in law and fact. Long settled law in

New York establishes that the expectations of the parties to an oral contract are irrelevant when analyzing whether, as a matter of law, the terms of that contract dictate that performance is impossible within one year of its making (and thus within the ambit of the New York Statute of Frauds codified at New York General Obligations Law §5-701(a)). Despite this axiom, Milagros seeks to amend based solely on the testimony of William Wong, one of PVL's owners, who stated that he "expected" that the oral agreement between PVL and Milagros would last two years. Milagros cites to no law in support of the application of the Statute of Frauds to this case because there is no law to support the application of the Statute of Frauds to this case. As Milagros points to no facts that support application of the Statute of Frauds to this case, its Motion must fail.

## STATEMENT OF FACTS

Milagros moves to amend its Answer to add the affirmative defense of the Statute of Frauds based solely upon New York General Obligations Law §7-701(a). Counsel for Milagros and PVL's counsel discussed the application of the affirmative defense of the Statute of Frauds to the instant case several times. Declaration of Benjamin L. Felcher Leavitt, dated March 19, 2008 at ¶2. At no time, however, did PVL's counsel state that the affirmative defense would be "ultimately unsuccessful." Leavitt Decl. at ¶3. PVL's counsel consistently stated that there was absolutely no legal basis to the defense and, based upon the facts Milagros relied, it had absolutely no application to this case. Leavitt Decl. at ¶4. Counsel also asked for case law in favor of Milagros' argument it possessed a cognizable legal basis to assert a Statute of Frauds defense in this case, but none was supplied prior to the filing of the Motion. Id. at ¶5.

PVL bases its claims in this action on the existence of an oral agreement between it and Milagros. Memorandum of Law in Support of Motion to Amend at p. 2. There are only two facts upon which the whole of Milagros' motion is based: 1. that William Wong never discussed the duration of the agreement with Irene Torres, Milagros' principle; and 2. that Mr. Wong "expected" the contract to last more than one year. Id at pp3-4. These two lone facts cannot, as a matter of law, support the application of the Statute of Fraud.

## LEGAL ARGUMENT

**1. This Court has Discretion to Deny A Futile Amendment.**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading shall be "freely given." A District Court has discretion to deny a proposed amendment "if there is good reason for it, such as futility." Jin v. Metropolitan Life Insurance Co., 310 F.3d 84, 101 (2d Cir. 2002), see also State Teachers Retirement Bd. v. Fluour Corp., 654 F.2d 843, 856 (2d Cir. 1981) (stating that among reasons for a proper denial of leave to amend include futility of the amendment), citing Foman v. Davis, 371 U.S. 178, 182 (1963). Leave to amend should be denied when a proposed amendment "could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Rivera v. Ndola Pharmacy Corp., 497 F.Supp. 381, 387 (E.D.N.Y. 2007), citing Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002). In addition, an amendment should be denied where a party proposing to amend "can prove no set of facts in support of [the] claim that would entitle [it] to relief." Id., citing Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991).

Citing solely to a lack of prejudice, Milagros completely omits any reference to the futility standard in its motion to amend. They do so because their motion to amend is

transparently futile. There are no set of facts that they could prove from the evidence in this case, that would lead to the application of the Statute of Frauds to the oral contract between these parties.

### 2. There Are No Set of Facts Under Which the Statute of Frauds Applies to this Case.

New York General Obligations Law § 5-701(1) provides that an agreement will be unenforceable if not in writing and "By its terms is not to be performed within one year of its making. . ." "New York Courts have created rules of construction by which the one-year provision is applied narrowly. . . [and] the statutory bar is not applicable unless an agreement by its terms is not to be performed within a year." Stetson v. Pfaltzgraff, 1991 WL 275648 at *2 (S.D.N.Y. December 18, 1991, McKenna, J.) (internal quotations omitted).

It "is not the meaning of the statute that the contract must be performed within a year . . . if the obligation is not, by its very terms or necessary construction, to endure for a longer period than one year, it is a valid agreement, although it may be capable of indefinite continuance." North Shore Bottling Co., Inc. v. Schmidt and Sons, Inc., 22 N.Y.2d 171, 176 (1968) (ellipses in original, citations omitted). "The question is not what the probable, or expected, or actual performance of the contract was; but whether the contract, according to the reasonable interpretation of its terms, required that it should not be performed within the year." D&N Boening, Inc. v. Kirsch Beverages, Inc., 63 N.Y.2d 449, 454 (1984)(emphasis added), quoting Warner v. Texas & Pacific Ry., 164 U.S. 418, 434 (1896); see also Mann v. Helmsley Spear, Inc., 177 A.D.2d 147, 150 (1st Dep't 1992)(test for Statute of Frauds is not based upon expectation of the parties, but upon "possibility or impossibility" of performance under the terms of the agreement).

Under well-established New York Law, the Statute of Frauds does not apply to contracts that can be terminated by either party at any time. See e.g., Majestic Farms Supply, Ltd. v. Service Riding Apparel, Ltd., 137 A.D.2d 501 (2d Dep't. 1988)(holding that alleged oral licensing agreement was terminable at will and, therefore, not within the ambit of the Statute of Frauds). The Statute does not apply to contracts where either party may terminate the contract at any time. North Shore Bottling, 22 N.Y.2d at 176. An "agreement conferring a license to use a trademark for an indefinite time, whether oral, written or by implication, is terminable-at-will by the licensor." See e.g., Dial-A-Mattress Operating Corp. v. Mattress Madness, Inc., 847 F.Supp. 18, 20 fn.1 (E.D.N.Y. 1994); Fusco Group, Inc. v. Loss Consultants Intern., Inc., 462 F.Supp.2d 321, 330 (N.D.N.Y. 2006), citing Dial-A-Mattress.

Based upon the facts Milagros relies upon for the proposed amendment, there is no possibility for the application of the Statute of Frauds. Milagros acknowledges that PVL alleges that it gave oral permission to Milagros to use the Betta mark and cites testimony that the duration of the contract was not discussed by the parties. These are the sole terms of the oral agreement that Milagros cites. As an oral license with no definite term, the permission was terminable at any time and was, therefore, performable within one year by its terms. The terms of the agreement, and not the expectation Milagros cites, are the legal framework for the applicability of the Statute of Frauds.

In its Motion, Milagros describes a contract that is terminable at will and, therefore, fully performable within one year of its making. Such a contract does not require a writing to be enforceable.

3. **Zupan and Its Progeny Do Not Apply to This Case.**

It is apparent that Milagros will try to fit the instant facts within the line of cases holding that a "service contract of infinite duration, in which one party agrees to procure customers or accounts or orders on behalf of the second party, is not by its terms performable within one year – and hence must be in writing. . ." Zupan v. Blumberg, 2 N.Y.2d 547 (1957). North Shore discusses this line of cases and explicitly distinguishes those cases on two bases that are directly applicable to this case. First, North Shore notes that the service contracts of "infinite duration" all involved cases where one party was "seeking commissions in perpetuity on orders from a customer or customers whom he had obtained. . ." North Shore, 22 N.Y.2d at 178. In these cases, one party's part of the agreement had been completely performed and there was "no continuing performance" on the part of the other party. North Shore, 22 N.Y.2d at 178. Succinctly stated, the contracts called for the perpetual performance of one party while being only "one shot deals" for the other party. Stetson v. Pfaltzgraff, 1991 WL 275648 at *4.

The second distinction is that the "indefinite service contracts" did not provide for the possibility of termination of the contract by either party. North Shore, 22 N.Y.2d at 178. Where "the terms of the contract [include] an event which might end the contractual relationship of the parties within a year, [a party's] possible liability beyond that time would not bring the contract within the statute." Id. (citations omitted). A service contract of this sort is within the Statute if it is "terminable only by the distributor's breach" but not within the Statute if the contract is such that "either or both parties [are] permitted, by the terms of the contract, to discontinue their activities within one year. . ." Zimmer-Masiello, Inc. v. Zimmer, Inc., 159 A.D.2d 363, 368 (1st Dep't 1990), citing North Shore, 22 N.Y.2d 171. Where one party can terminate the contract

at any time without breaching the agreement, as in an at-will contract, the terms of the contract provide for fulfillment of the contract prior to the expiration of one year.

Finally, the analytical framework of Zupan also makes clear that it, and its progeny, is inapplicable to this case. Zupan found the Statute of Frauds applicable to contracts where performance of the contract not dependent "upon the will of the parties to the contract, but upon that of a third party." Zupan, 2, N.Y.2d at 550, see also Ehrlich v. Diggs, 169 F.Supp.2d 124, 130 (E.D.N.Y. 2001)(stating that under New York law, contracts "involving performance which is dependent upon the will of a third party, and not solely upon the will of the parties to the contract, fall within the Statute of Frauds"); Apostolos v. R.D.T. Brokerage Corp., 159 A.D.2d 279, 280 (1st Dep't 1990)(holding Statute of Frauds applicable to contract where performance "dependent solely upon the acts of a third party and beyond the control" of the parties).

The terms of the oral agreement, as set forth by Milagros, called for the continuing performance of both parties and, by being terminable at will, contemplated the possibility of full performance within one year. In addition, the possibility of full performance (termination), by the terms of the agreement, was in the hands of the parties and not a foreigner to the contract. Under these facts, Zupan and its progeny will not bring the oral agreement within the ambit of the Statute of Frauds.

## CONCLUSION

For all of the foregoing reasons, PVL respectfully submits that Milagros' Motion must be denied.

Dated: March 19, 2008  
      New York, New York

STORCH AMINI & MUNVES PC

_/s/ B. Leitt_  
Benjamin L. F. Leavitt  
140 E. 45th St., 25th Floor  
New York, New York 10017  
(212) 490-4100  
Fax: (212) 490-4208  
Attorneys for Defendant and  
Counterclaim Plaintiff Progress  
Vantage Limited