UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILAGROS IMPORTS LIMITED, a New York corporation, | REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER TO COUNTERCLAIM |
| Plaintiff, | |
| v. | 07-CV-3215 (SHS) |
| PROGRESS VANTAGE LIMITED, a foreign corporation, | |
| Defendant. | |

    Milagros should be granted leave to amend its Answer to PVL's Counterclaim when, as here, PVL does not contend that Milagros's amendment will cause undue delay, makes no claim that it was made in bad faith, or as the Supreme Court has recognized as "perhaps [the] most important" factor – does not allege it will cause prejudice to PVL. *Foman v. Davis,* 371 U.S. 178, 182 (1963). PVL's only basis for opposing Milagros's motion is its position that the Statute of Frauds is inapplicable and that, as such, an amendment to add the Statute of Frauds would be futile. Given that the alleged oral agreement was for the sale of goods worth more than $500, indirectly regulated the time for performance, and called for the establishment of an indefinite exclusive distributorship, however, the Statute of Frauds applies as a matter of law.

    The central issue in this case is ownership of the "BETTA" mark. Critical to that analysis is whether, as alleged by PVL, an oral license and exclusive distribution agreement ever existed. Milagros disputes the existence of any such agreement. PVL, as the party seeking to enforce the alleged oral agreement, bears the burden of establishing that a binding agreement was made and proving the terms of the contract. *Paz v. Singer Co.,* 542 N.Y.S.2d 10, 11 (N.Y.A.D. 1989). Here, there was no meeting of the minds on numerous key terms including the

1

parties, effective date, payment of royalties, specific trademark(s) to be licensed, duration, termination, and the scope (exclusive or non-exclusive) of the alleged license and distributorship. (*See* Dkt. #32 Milagros's Memorandum in Support of Motion for Summary Judgment) There can be no contract if the parties failed to agree on all essential terms. *Interocean Shipper Co. v. Nat'l Shipping and Trading Corp.*, 462 F.2d 673, 676 (2d Cir. 1972). As such, because PVL will be unable to establish the existence of a sufficiently "definite and explicit" contract, PVL will be unable to establish that the alleged oral agreement ever existed. *See Candid Productions, Inc. v. International Skating Union,* 530 F. Supp. 1330, 1333 (S.D.N.Y. 1982).

Even if the Court finds that an oral agreement existed, however, Milagros has a good faith basis for asserting that the alleged agreement is barred by the Statute of Frauds and, as such, for seeking to amend its Answer to PVL's Counterclaim to include the Statute of Frauds as an additional affirmative defense. PVL's position that Milagros's assertion of the Statute of Frauds would be futile fails to account for the high standard to determine futility in the context of a Rule 15(a) motion for leave to amend. Indeed, if the movant has "plausible" grounds to support its claim or defense, justice requires that leave to amend be granted. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Children First Found., Inc. v. Martinez*, 2007 U.S. Dist. LEXIS 94944, at *15-16 (N.D.N.Y. Dec. 27, 2007) (applying *Twombly* in the context of a motion to amend an answer to include proposed affirmative defenses and granting such motion).

The nature of the alleged agreement is critical. PVL alleges that under the oral agreement, Milagros was to be not only PVL's licensee, but also PVL's exclusive distributor of BETTA footwear in the United States. (Dkt. #10 ¶ 52) The Uniform Commercial Code Statute of Frauds (U.C.C. § 2-201) has been held to apply to distributorship agreements which

necessarily involve the purchase of more than $500 worth of goods. *United Beer Distrib. Co. v. Hiram Walker, Inc.,* 557 N.Y.S.2d 336 (N.Y.A.D. 1990). There is no dispute that the alleged oral agreement called for the sale of more than $500 worth of products. Indeed, PVL's owner testified that he expected to receive at least a million dollars in sales during the first two years of the alleged agreement.

Second, the indefinite term and "exclusive distributorship" nature of the alleged agreement bring it within the Statute of Frauds. *See George Burke Co. v. Intermetro Indus. Corp.,* 702 N.Y.S.2d 37, 38 (N.Y.A.D. 2000) (oral agreement under which plaintiff was to become and indefinitely remain defendant's exclusive distributor was void under Statute of Frauds because it could not be performed within a year).

Third, PVL is correct that the test of applicability of the New York Statute of Frauds (N.Y. G.O.L. § 5-701(a)) is whether "by its terms" the alleged agreement was not to be performed within a year. PVL suggests that because the parties did not discuss the duration of the alleged agreement, it was thus terminable at will. That fact, however, does not avoid application of the Statute of Frauds. While the Statute does not generally apply to contracts where either party may terminate the contract at any time, "termination is not performance, but rather the destruction of the contract." *D & N Boening,* 63 N.Y.2d 449, 456-57 (1984). In applying the Statute of Frauds, "New York courts have long distinguished 'between 'performance' which fulfils [a] contract, and circumstances which defeat its purpose.'" *Mellon v. Cessna Aircraft Co.,* 229 F.3d 1164, 2000 WL 1208322, at *5 (10th Cir. Aug. 25, 2000) (unpublished decision, annexed hereto as Exhibit A) (*quoting Cohen v. Bartgis Bros. Co.,* 35 N.Y.S.2d 206, 208 (N.Y.A.D. 1942)). In *Mellon,* the Tenth Circuit applied New York law in determining that an alleged oral agreement was unenforceable under the Statute of Frauds

3

because the "alleged promise did not impose upon Cessna an obligation to perform a single task that might or might not have been performed within one year, but instead required Cessna to maintain Mellon's aircraft for an indefinite period of time." *Mellon,* 229 F.3d 1164, 2000 WL 1208322, at *5. Here, PVL must do more than merely contend that the alleged agreement was terminable at will. It must show that the alleged agreement for an indefinite term was capable of performance within a year. That is not the case.

New York courts have found oral agreements with seemingly indefinite durations capable of being "performed" within a year, but only where one party made a specific representation that would allow that party to terminate the agreement by discontinuing the activities upon which the agreement was conditioned. *See Mellon,* 229 F.3d 1164, 2000 WL 1208322 at *11; *North Shore Bottling Co. v. C. Schmidt & Sons, Inc.,* 22 N.Y.2d 171 (1968); *Beautiful Jewellers Private Ltd., v. Tiffany & Co.,* No. 06 Civ. 3085 (KMW), 2007 U.S. Dist. LEXIS 20263, 2007 WL 867202, at *3 (S.D.N.Y. Mar. 21, 2007). Here, no alleged termination provision was discussed. The only "term" that could be construed as a termination provision would be the testimony of PVL's owner that he planned to gauge the success or failure of the alleged agreement on the volume of sales during the first two years, and in fact purportedly terminated the alleged agreement due to the volume of sales during the first three years. An alleged agreement granting exclusive distribution rights on such terms calls for satisfactory performance within at least a two year period, or breach for unsatisfactory performance, that necessarily falls within the Statute of Frauds.

PVL established an indirect regulation of the time for performance under the alleged agreement. The alleged agreement was to be in place until "PVL determined that it was properly positioned to begin its own distribution of footwear bearing the BETTA mark." (Dkt. #10 ¶ 87)

4

William Wong, PVL's owner, testified that the oral agreement calling for indefinite exclusive distribution of products by Milagros was to be reviewed every two years and that he would regulate the success or failure of the alleged agreement based on the volume of sales from PVL to Milagros during that first two-year period. *See George Milton Abeles, Inc. v. Farmers Pride, Inc.*, 2007 WL 2028069 (E.D.N.Y. July 11, 2007) (oral agreement could not be completed within one year when principal testified that agreement was to last "five to ten years" and agreement's duration was indefinite, unless plaintiff breached by nonperformance); *cf. Mann v. Helmsley-Spear, Inc.*, 177 A.D. 147, 151 (1st Dep't 1992) *citing Freedman v. Chemical Constr. Corp.*, 43 N.Y.2d 260, 265 (1977) (noting that because "[n]either party has contended that the alleged agreement contained any provision which directly or indirectly regulated the time for performance, the agreement is not within the bar of [the Statute of Frauds]."). As such, the alleged agreement was not capable of performance within a year.

Finally, performance of the alleged agreement stretched beyond the control of the parties to both third party manufacturers and third party customers. Consistent with this Court's reasoning in *Paper Corp. of the U.S. v. Schoeller Technical Papers, Inc.*, 724 F. Supp. 110, 115 (S.D.N.Y. 1989), the alleged contract could be fully performed within one year only if Milagros's third party customers "who themselves are not parties to the contract" stopped buying footwear produced by PVL.

For all the foregoing reasons, Milagros's motion for leave to amend its Answer to the Counterclaim to add the Statute of Frauds as an affirmative defense is not futile and should be granted.

Dated: New York, New York
      March 26, 2008

                          Respectfully submitted,

                          LANDMAN CORSI BALLAINE & FORD P.C.

By: *[signature]*
Daniel S. Moretti (DM 6630)
Attorneys for Plaintiff
Milagros Imports Limited
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

STOEL RIVES LLP

By: *[signature]*
Vanessa Soriano Power (WSBA 30777)
*Admitted pro hac vice*
Attorneys for Plaintiff
Milagros Imports Limited
600 University Street, Suite 3600
Seattle, WA 98101
(206) 624-0900

To:    Storch, Amini & Munues, P.C.
        Attorneys for Defendant
        140 E 45th Street, 25th Floor
        New York, New York 10017
        (212) 490-4100

Seattle-3413112.1 0074068-00001