Westlaw.

2 Fed.Appx. 118                                                                 Page 1
2 Fed.Appx. 118, 2001 WL 50939 (C.A.2 (N.Y.))
**(Cite as: 2 Fed.Appx. 118)**

C

Marbelite Co., Inc. v. National Sign and Signal Co., Inc.
C.A.2 (N.Y.),2001.
This case was not selected for publication in the Federal Reporter.RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)", UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.Please use FIND to look at the applicable circuit court rule before citing this opinion. Second Circuit Rules § 0.23. (FIND CTA2 s 0.23.)
United States Court of Appeals,Second Circuit.
The MARBELITE CO., INC., Plaintiff-Counterclaim-Defendant-Appellee,
v.
NATIONAL SIGN AND SIGNAL CO., INC., Defendant-Counterclaimant-Appellant.

No. 00-7754.

Jan. 22, 2001.

Contractor brought breach of oral contract claim against sign manufacturer. The United States District Court for the Eastern District of New York, Sterling Johnson, Jr., entered judgment for contractor for $117,839. Manufacturer appealed. The Court of Appeals held that oral agreement was predominantly one for services, and, thus, New York statute of frauds did not apply.

Affirmed.

West Headnotes

**[1] Frauds, Statute Of 185** ⇔81

185 Frauds, Statute Of
    185VII Sales of Personal Property
        185VII(A) Contracts Within Statute
            185k81 k. Statutory Provisions. Most Cited Cases
Under New York law, contract for the sale of goods for price of $500 or more is not enforceable unless there is a writing that is sufficient to indicate that a contract for sale has been made between the parties and signed by party against whom enforcement is sought. N.Y.McKinney's Uniform Commercial Code § 2-201.

**[2] Frauds, Statute Of 185** ⇔84

185 Frauds, Statute Of
    185VII Sales of Personal Property
        185VII(A) Contracts Within Statute
            185k84 k. Nature of Contract. Most Cited Cases
New York statute of frauds applies to distributorship agreements which necessarily involve purchase of more than $500 of goods, but not to contract that fundamentally or predominantly involves performance of services, rather than sale of goods. N.Y.McKinney's Uniform Commercial Code §

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2 Fed.Appx. 118                                                                                                Page 2
2 Fed.Appx. 118, 2001 WL 50939 (C.A.2 (N.Y.))
**(Cite as: 2 Fed.Appx. 118)**

2-201.

**[3] Frauds, Statute Of 185 ⇒84**

185 Frauds, Statute Of
    185VII Sales of Personal Property
        185VII(A) Contracts Within Statute
            185k84 k. Nature of Contract. Most Cited Cases

Oral agreement between contractor and sign manufacturer was predominantly one for services, and, thus, New York statute of frauds did not apply, where contractor marketed signs on behalf of sign manufacturer, worked with contractors and engineers to ensure that signs were included in specifications for the project in question, served as interface between manufacturer and customers, and provided price quotes to subcontractors. N.Y.McKinney's Uniform Commercial Code § 2-201.

**[4] Federal Civil Procedure 170A ⇒2234.1**

170A Federal Civil Procedure
    170AXV Trial
        170AXV(J) Special Verdict
            170Ak2234 Requests
                170Ak2234.1 k. In General. Most Cited Cases

When submitting special verdict questions to jury, if court omits issue of fact raised by pleadings or evidence and parties fail to request that it be included before jury retires to deliberate, parties have waived jury trial on that issue, and issue is to be decided by court. Fed.Rules Civ.Proc.Rule 49(a), 28 U.S.C.A.

**[5] Federal Civil Procedure 170A ⇒2242**

170A Federal Civil Procedure
    170AXV Trial
        170AXV(J) Special Verdict
            170Ak2242 k. Construction and Operation. Most Cited Cases

If court fails to make finding on issue raised by pleadings or evidence, it will be deemed to have made finding that is harmonious with the judgment entered on the special verdict, unless that would be inappropriate. Fed.Rules Civ.Proc.Rule 1, 28 U.S.C.A.

**\*119** Appeal from the United States District Court for the Eastern District of New York.
Blake Perkins, Perkins & Dunnegan, N.Y., NY, for appellant.
Steven M. Hecht, Lowenstein Sandler, Roseland, NJ, for appellee.

Present KEARSE, JACOBS and CABRANES, Circuit Judges.

*SUMMARY ORDER*

**\*\*1** This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant National Sign and Signal Company ("National") appeals from a judgment entered in the United States District Court for the Eastern District of New York following a jury trial before Sterling Johnson, Jr., *Judge,* awarding **\*120** Plaintiff Marbelite Company, Inc. ("Marbelite"), $117,839, plus interest, on Marbelite's claim for breach of an oral contract. On appeal, National contends principally that the district court erred in refusing to grant it judgment as a matter of law on the grounds that enforcement of the contract was barred by the statute of frauds and that the evidence was insufficient to show that National caused Marbelite's damages. Finding no basis for reversal, we affirm.

[1][2] Under New York law, "a contract for the sale of goods for the price of $500 or more is not enforceable" unless there is a writing that is "sufficient to indicate that a contract for sale has been made between the parties and signed by the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2 Fed.Appx. 118
2 Fed.Appx. 118, 2001 WL 50939 (C.A.2 (N.Y.))
**(Cite as: 2 Fed.Appx. 118)**

Page 3

party against whom enforcement is sought." N.Y. U.C.C. § 2-201. This provision "appl[ies] to distributorship agreements which necessarily involve the purchase of more than $500 of goods,"*United Beer Distributing Co. v. Hiram Walker (N.Y.), Inc.,* 163 A.D.2d 79, 557 N.Y.S.2d 336, 337 (1st Dep't.1990); *see Swerdloff v. Mobil Oil Corp.,* 74 A.D.2d 258, 427 N.Y.S.2d 266, 268 (2d Dep't.1980), but not to a contract that fundamentally or predominantly involves performance of services, rather than sale of goods, *see Esquire Radio & Electronics, Inc. v. Montgomery Ward & Co.,* 804 F.2d 787, 794-95 (2d Cir.1986). "In determining whether or not a contract is one of sale or to provide services, we must look to the 'essence' of the agreement. When service predominates, the incidental sale of items of personal property[ ] does not alter the basic transaction." *North American Leisure Corp. v. A & B Duplicators, Ltd.,* 468 F.2d 695, 697 (2d Cir.1972) (citing *Perlmutter v. Beth David Hospital,* 308 N.Y. 100, 104, 123 N.E.2d 792 (1954)).

[3][4][5] In the present case, the question of whether the oral agreement between Marbelite and National was one essentially for goods or rather was one predominantly for services could not be resolved as a matter of law. Accordingly, it should have been submitted to the jury. The special verdict questions given to the jury, however, did not include that question; nor had its inclusion been requested. When, in submitting special verdict questions to the jury, the court omits an issue of fact raised by the pleadings or by the evidence, if the parties fail to request that it be included before the jury retires to deliberate, they have waived a jury trial on that issue, and the issue is to be decided by the court. *See* Fed.R.Civ.P. 49(a). If the court fails to make a finding on the issue, it will be deemed to have made a finding that is harmonious with the judgment entered on the special verdict, *see id.; Getty Petroleum Corp. v. Island Transportation Corp.,* 878 F.2d 650, 655-56 (2d Cir.1989), unless that would be inappropriate, *see* Fed.R.Civ.P. 1 (Rules should be construed in a manner designed

"to secure the just ... determination of [the] action"). *See generally Cullen v. Margiotta,* 811 F.2d 698, 731 (2d Cir.), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764,*overruled on other grounds, Agency Holding Corp. v. Malley-Duff & Associates,* 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Because the court in this case did not make an express finding as to the predominant nature of the parties' agreement, we presume that the court found, consistent with the entry of judgment in favor of Marbelite, that the agreement was predominantly one for services. It was well within the province of the factfinder to make such a finding, given that the record included evidence that Marbelite marketed National signs; worked with contractors and engineers to ensure that National signs were included in the specifications *121 for the project in question; served as the "interface" between National as manufacturer and customers such as the New York State Department of Transportation; and provided price quotes to subcontractors. Accordingly, we reject National's contention that the agreement in question was unenforceable because of the statute of frauds.

**2 Nor is there merit in National's contention that the district court should have granted its motions pursuant to Fed. R.Civ.P. 50(b) for judgment as a matter of law on the grounds that Marbelite had failed to prove that its injuries were caused by National's conduct, and, with respect to National's counterclaim, that Marbelite should be held liable for breach of an unrelated contract. Assuming that National's Rule 50(b) motions were properly made, we affirm their denial substantially for the reasons stated in Judge Johnson's Memorandum and Order dated May 25, 2000.

We have considered all of National's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.

C.A.2 (N.Y.),2001.
Marbelite Co., Inc. v. National Sign and Signal Co., Inc.
2 Fed.Appx. 118, 2001 WL 50939 (C.A.2 (N.Y.))

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2 Fed.Appx. 118
2 Fed.Appx. 118, 2001 WL 50939 (C.A.2 (N.Y.))
**(Cite as: 2 Fed.Appx. 118)**

Page 4

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.