Exhibit 11

Document Description: **Offc Action Outgoing**    Mail / Create Date: **19-Jan-2005**

Previous Page    Next Page    You are currently on page 1 of 4

## UNITED STATES PATENT AND TRADEMARK OFFICE

SERIAL NO: 76/598013

APPLICANT:     Progress Vantage Limited

**\*76598013\***

CORRESPONDENT ADDRESS:
   CINDY L. CADITZ
   CHRISTENSEN O' CONNOR JOHNSON KINDNESS
   1420 FIFTH AVENUE, SUITE 2800
   SEATTLE, WA 98101-2347

RETURN ADDRESS:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

MARK:   BETTA

CORRESPONDENT'S REFERENCE/DOCKET NO:
YUEN231195

CORRESPONDENT EMAIL ADDRESS:

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.**

Serial Number 76/598013

### Section 2(d) - Likelihood of Confusion Refusal

Registration of the proposed mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 2359230 and 1739920. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq*. See the enclosed registrations.

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion. First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Products Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978). TMEP §§1207.01 *et seq*.

In the present case, both marks are dominated by "betta." The examining attorney must look at the marks in their entireties under Section 2(d). Nevertheless, one feature of a mark may be recognized as more significant in creating a commercial impression. Greater weight is given to that dominant feature in determining whether there is a likelihood of confusion. *In re National Data Corp.*, 224 USPQ 749 (Fed. Cir. 1985); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976). *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1988). TMEP §1207.01(b)(viii).

The applicant simply has deleted the term "mo" from the registrant's mark. The mere deletion of wording from a registered mark is not sufficient to overcome a likelihood of confusion under Section 2(d). *See In re Optical Int'l*, 196 USPQ 775 (TTAB 1977) (where applicant filed to register the mark OPTIQUE for optical wear, deletion of the term BOUTIQUE is insufficient to distinguish the mark, *per se*, from the registered mark OPTIQUE BOUTIQUE when used in connection with competing optical wear). In the present case, applicant's mark does not create a distinct commercial impression because it contains the same common wording as registrant's mark, and there is no other wording to distinguish it from registrant's mark.

Further, especially since the applicant has used a class heading as its identification of goods, the goods appear to be identical. Likelihood of confusion is determined on the basis of the goods or services as they are identified in the application and the registration. *Canadian Imperial Bank of Commerce v. Wells Fargo Bank*, 811 F.2d 1490, 1 USPQ2d 1813 (Fed. Cir. 1987); *Paula Payne Products Co. v. Johnson Publishing Co., Inc.*, 473 F.2d 901, 177 USPQ 76 (C.C.P.A. 1973). Since the identification of the applicant's goods and/or services is very broad, it is presumed that the application encompasses all goods and/or services of the type described, including those in the registrant's more specific identification, that they move in all normal channels of trade and that they are available to all potential customers. TMEP §1207.01(a)(iii).

The impression created is of a single entity producing clothing items – perhaps with its initial line designated as "betta" than the competition, while later lines are even "mo betta." This is exactly the type of confusion the trademark laws were drafted to avoid. Accordingly, registration of the applicant's mark must be refused.

*Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.*

### Identification of Goods

The current wording used to describe the goods needs clarification because "clothing" and "headgear" are vague terms. TMEP §1402.01. The applicant must provide a specific list of items, such as "clothing, namely, t-shirts and sweatshirts" and "headgear, namely, hats and caps."

*Please note that, while the identification of goods may be amended to clarify or limit the goods, adding to the goods or broadening the scope of the goods is not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, applicant may not amend the identification to include goods that are not within the scope of the goods set forth in the present identification.*

*The applicant must rewrite the identification of goods in its entirety because of the nature and extent of the amendment. 37 C.F.R. §2.74(b).*
Because it is possible that, when properly identified, the applicant's goods may belong in more than one international class, information about adding classes to an application is set forth below:

## Combined Applications

If applicant prosecutes this application as a combined, or multiple-class application, then applicant must comply with each of the requirements below for those goods and/or services based on actual use in commerce under Trademark Act Section 1(a):

(1) Applicant must list the goods/services by international class with the classes listed in ascending numerical order;

(2) Applicant must submit a filing fee for each international class of goods and/or services not covered by the fee already paid; and

(3) For each additional class of goods and/or services, applicant must submit:

(a) dates of first use of the mark anywhere and dates of first use of the mark in commerce, or a statement that the dates of use in the initial application apply to that class; the dates of use, both anywhere and in commerce, must be at least as early as the filing date of the application;

(b) one specimen showing use of the mark for each class of goods and/or services; the specimen must have been in use in commerce at least as early as the filing date of the application;

(c) a statement that "**the specimen was in use in commerce on or in connection with the goods and/or services listed in the application at least as early as the filing date of the application;**" and

(d) verification of the statements in 3(a) and 3(c) in an affidavit or a **signed declaration** under 37 C.F.R. §2.20. (NOTE: Verification is *not* required where (1) the dates of use for the added class are stated to be the same as the dates of use specified in the initial application, or (2) the original specimens are acceptable for the added class). A sample declaration appears below:

### Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that the facts set forth in this application are true; all statements made of his/her own knowledge are true; and all statements made on information and belief are believed to be true.

_____
(Signature)

_____
(Print or Type Name and Position)

_____
(Date)

37 C.F.R. §§2.6, 2.34(a), 2.59, 2.71(c), and 2.86(a); TMEP §§810.10, 904.09, 1403.01 and 1403.02(c).

Please note that the specimen(s) of record are acceptable for Class 25 only.

## NOTICE: FEE CHANGE

Effective January 31, 2005 and pursuant to the Consolidated Appropriations Act, 2005, Pub. L. 108-447, the following are the fees that will be charged for filing a trademark application:

(1) $325 per international class if filed electronically using the Trademark Electronic Application System (TEAS); or

(2) $375 per international class if filed on paper

These fees will be charged not only when a new application is filed, but also when payments are made to add classes to an existing application. If such payments are submitted with a TEAS response, the fee will be $325 per class, and if such payments are made with a paper response, the fee will be $375 per class.

The new fee requirements will apply to any fees filed on or after January 31, 2005.

## NOTICE: TRADEMARK OPERATION RELOCATION

The Trademark Operation has relocated to Alexandria, Virginia. Effective October 4, 2004, all Trademark-related paper mail (except documents sent to the Assignment Services Division for recordation, certain documents filed under the Madrid Protocol, and requests for copies of trademark documents) must be sent to:

**Commissioner for Trademarks**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Applicants, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at http://www.uspto.gov/teas/index.html.

/Doritt Carroll/
Examining Attorney, Law Office 116
phone: (571) 272-9138
fax: (571) 273-9138
www.uspto.gov/teas/html.index

How to respond to this Office Action:

You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://eteas.uspto.gov/V2.0/oa242/WIZARD.htm and follow the instructions therein, but you must wait until at least 72 hours after receipt if the office action issued via e-mail). PLEASE NOTE: Responses to Office Actions on applications filed under the Madrid Protocol (Section 66(a)) **CANNOT** currently be filed via TEAS.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at **http://tarr.uspto.gov/**

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- ***General trademark information***: *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- ***Technical help***: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- ***Questions about USPTO programs***: *Please e-mail USPTO Contact Center (UCC).*

*NOTE: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*