Exhibit 14



| | |
|---|---|
| Law Offices | 1420 Fifth Avenue, Suite 2800 |
| | Seattle, Washington 98101-2347 |
| Intellectual Property Law | 206.682.8100 *phone* |
| and Related Litigation | 206.224.0779 *fax* |
| | www.cojk.com |

April 14, 2006

**VIA FACSIMILE - ORIGINAL MAILED**
Facsimile No. 212.813.5901

Susan Upton Douglass, Esq.
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, NY 10017

    Re:   Neet Feet Pty Ltd.
           Your Reference: NEET USA TC-06/01991
           Our Reference: YUEN-5-24609

Dear Ms. Douglass:

This letter responds to yours of March 28, 2006. After investigating the claims made in your letter, we find them to be without merit. Our client has established common law trademark rights in the name and mark BETTA in the United States by virtue of its use in commerce. Use by Milagros Imports Ltd. (hereinafter "Milagros") of the name and mark BETTA in connection with footwear and related goods and services has been continuous and exclusive since March 21, 2003. Your client has not established trademark rights in the United States based on use or registration. Without trademark rights recognizable under the Lanham Act, Title 15 of the United States Code, your client has no cause of action for infringement.

Milagros' continuous and exclusive use of the name and mark BETTA also enjoys express authorization from the past acting principal of the Betta Shoe Company, established in Australia in 1927, Mr. Kim Gray. In November 1997, Mr. Gray authorized our client's development of the brand BETTA in the United States and Europe. We have reviewed the agreement sent by you which purports to transfer and assign "title and interest in the trademark BETTA outside Australia." That same agreement fails to warrant ownership of any rights outside of Australia by the assignor. Mr. Gray confirms that while he was principal of the Australian Betta Shoe Company, he never established rights outside of Australia that could have possibly been transferred according to any agreement. As Mr. Gray confirms, one year prior to his transfer of the Australian trademark in 1998, he had provided permission to our client for use of the BETTA mark outside of Australia. With this express authorization, rights were established in the United States based on use. Those rights exist today and they are protected under U.S. law. Mr. Gray further confirms that he never authorized anyone else to use the BETTA name outside of Australia and that rights extraterritorial to Australia were not appurtenant to any transfer of the Australian trademark, which occurred in 1998. Besides use by Milagros, no use of the BETTA

YUEN\24609L1.DOC

MIL 000078

Susan Upton Douglass, Esq.
April 14, 2006
Page 2

name and mark has occurred outside of Australia. Please inform us at once if your client is actually using the mark BETTA outside of Australia.

Finally, your letter claims rights based on the well-known marks doctrine from the Paris Convention, Article 6. We do not believe the BETTA name and mark has acquired the requisite notoriety in order to claim benefit of the well-known marks doctrine. Notwithstanding this fact, the Paris Convention by itself does not create a cause of action for unfair competition in U.S. courts. *See Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 908 (9th Cir. 2002); *Scotch Whiskey Ass'n v. Majestic Distilling Co.*, 958 F.2d 594, 597 (4th Cir. 1992). While Article 6 of the Paris Convention has been asserted in the past by holders of well-known marks in countries other than the United States, *see, e.g., McDonald's Corp. v. Joburgers Drive-Inn Restaurants Pty.* (South Africa S. Ct. 1996), Case No. 547/95, there is no case applying the Paris Convention alone in asserting infringement in a U.S. district court. If you are aware of counter-authority, please let us know at once.

In summary, we do not believe your client has any claim, especially where our client has established common law rights based on use of the name and mark BETTA to the exclusion of all other U.S. footwear providers. Furthermore, the claims made by Milagros to a connection to the Betta of Australia are absolutely true as Mr. Gray can confirm.

Because your claims lack merit and you have taken the rather extraordinary step of copying the president of Federated Department Stores (Macy's) with your correspondence, we must demand that you immediately cease and desist any acts to further interfere with our client's business. Your client's claims to worldwide rights in the BETTA name and mark are without merit and your continued assertion of those rights in interference with contractual relationships has caused and will continue to cause damage.

While we are happy to answer any questions or concerns you have regarding this letter, we consider this matter closed.

                                              Very truly yours,

                                              CHRISTENSEN O'CONNOR
                                              JOHNSON KINDNESS PLLC

                                              Mark P. Walters
                                              Direct Dial No.: 206.695.1731
                                              E-Mail Address: waltenn@cojk.com

Susan Upton Douglass, Esq.
April 14, 2006
Page 3

MXW:ejh/kem

cc: Milagros Imports Ltd.
    Progress Vantage Ltd.
    Mr. Kim Gray
    Carla Martin, Esq. (Federated Retail Holdings, Inc.)
    Faye L. Tomlinson, Esq.