USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/27/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MILAGROS IMPORTS LIMITED, a
New York corporation,

   Plaintiff,

v.

PROGRESS VANTAGE LIMITED,
a foreign corporation,

   Defendant.

---

07-CV-3215 (SHS)

## JOINT PRETRIAL ORDER

Daniel S. Moretti
LANDMAN CORSI BALLAINE & FORD P.C.
120 Broadway, 27th Floor
New York, New York 10271-0079
Phone: (212) 238-4800
Fax: (212) 238-4848

Vanessa Soriano Power
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Phone: (206) 386-7553
Fax: (206) 386-7500

*Attorneys for Plaintiff Milagros Imports Limited*

Benjamin Lewis Felcher Leavitt
STORCH AMINI & MUNVES, P.C.
140 East 45th Street, 25th Floor
New York, NY 10017
Phone: (212) 490-4100
Fax: (212) 490-4208

*Attorneys for Defendant Progress Vantage Limited*

Seattle-3415965.4 0074068-00001

COME NOW the parties, by and through counsel, and submit the following agreed proposed pretrial order, pursuant to Federal Rule of Civil Procedure 26(a)(3), the Local Rules for the Southern District of New York, and this Court's Individual Practices:

### I. Federal Subject Matter Jurisdiction

The parties agree that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331; 1338(a); 2201; and 2202.

### II. Summary of Claims and Defenses to be Pursued at Trial

Milagros will claim at trial that it is the owner of the "BETTA" trademark ("BETTA" or the "Mark") in the United States. Milagros seeks damages and injunctive relief, including (1) a declaration that Milagros is the owner of the BETTA mark in the United States; (2) an order directing PVL to abandon its attempt to register the Mark in the United States; (3) an order prohibiting PVL from contacting or soliciting Milagros's customers; (4) an order directing PVL to cease and desist representations regarding its ownership rights in the Mark in the United States; and (5) an order prohibiting PVL's use of the Mark in the United States.

PVL will pursue the following defenses at trial: Milagros is legally and equitably stopped from asserting its claims by virtue of its own actions and those of its agents and representatives; Milagros has waived the claims asserted; Milagros fails to state sufficient facts upon which relief may be based; Milagros' claims are barred by the doctrine of laches; Milagros' claims are barred by the doctrine of unclean hands; Milagros' claims are barred to the extent that any damages it may have incurred, if any, were caused by its own culpable conduct; Milagros' claims are barred by the provisions of the applicable contracts between it and Progress Vantage; Milagros' claims are barred as it has violated the implied covenant of good faith and fair dealing.

As counterclaimant, PVL will claim that the parties entered into an enforceable oral contract setting forth and governing their respective rights in the BETTA trademark in the United

1

States and that under the terms of this oral agreement, PVL is the owner of BETTA. PVL will also claim that as the foreign manufacturer goods bearing the Mark, it is the presumptive owner of the Mark and that Milagros cannot overcome this presumption. PVL seeks damages and equitable relief as follows: (1) a declaration that it is the owner of BETTA in the United States; (2) a permanent injunction directing Milagros to cease distribution of any products bearing the Mark; (3) a finding that Milagros' conduct violates § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); and (4) a finding that Milagros' conduct constitutes trademark infringement under the common law of the State of New York.

Milagros will pursue the following affirmative defenses at trial: (1) PVL has failed to state a claim upon which relief may be granted; (2) PVL failed to mitigate its alleged damages; (3) PVL's counterclaims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and/or unclean hands; (4) PVL's counterclaims are barred, in whole or in part, because it has no rights to the BETTA mark in the United States; (5) PVL's counterclaims are barred, in whole or in part, because PVL committed fraud in attempting to obtain a United States federal registration for the BETTA mark; (6) PVL's counterclaims are barred, in whole or in part, because Milagros has fully performed all of its obligations, contractual or otherwise, to PVL; and (7) PVL's counterclaims are barred, in whole or in part, pursuant to the statute of frauds.

In addition to responding to these affirmative defenses by claiming its ownership rights in BETTA, PVL will respond to these affirmative defenses by, among other things, showing that (1) Milagros has suffered no damages; (2) PVL's claims are not barred by the doctrines of estoppel, waiver, laches and/or unclean hands; (3) PVL has not committed fraud in any trademark registration filing or proceeding; (4) Milagros is estopped from asserting the Statute of Frauds; that no Statute of Frauds applies to the oral contract; and, (5) even if any Statute of

Frauds does apply to the oral contract, the Statute has been satisfied by the writings between the parties.

### III. Trial

The parties agree that this case will be tried without a jury. The parties further agree that they believe this case can be tried in no more than two (2) days.

### IV. Magistrate Judge

The parties have not consented to trial of this case by a magistrate judge.

### V. Agreed Statements of Fact

1.  Milagros Imports Limited ("Milagros") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York. Milagros was formed on October 1, 2003. Milagros is owned by Irene-Luisa Torres.

2.  Progress Vantage Limited is a corporation organized and existing under the laws of Hong Kong with its principal place of business in Kwai Chung, New Territories, Hong Kong. Progress is jointly owned by Hong Kong residents William and Lynn Wong, husband and wife.

3.  Since approximately 1994, PVL, by itself and through affiliated companies, including Goddess Footwear ("Goddess"), has manufactured footwear for distribution in the international market. PVL was originally called "Goddess Footwear." In or around 2001, a feng shui advisor told Mr. Wong that he should change the company's name. Accordingly, it was renamed PVL, but retained Goddess as a trading division of PVL.

4.  Mr. Wong and Ms. Torres first became acquainted when Mr. Wong worked as a quality control inspector for Splendid Footwear, a slipper manufacturer in China, and Ms. Torres worked for several United States wholesalers, most recently as the vice president of a footwear division.

5.  PVL has applied to register the term "BETTA" as a trademark in the United States (U.S. Application Serial No. 76598013) for use on "house slippers" only.

6.  Milagros opposed PVL's U.S. trademark application, asserting fraud on the

3

United States Patent and Trademark Office, among other grounds. Milagros simultaneously filed its own application to register the Mark for use on "footwear, slippers, socks, sandals, booties, gloves, robes; shower wrap sets comprised of shower wraps, slippers, and head wraps; slipper sets comprised primarily of slippers and one or more of socks, pumice stones, toe separators, therapeutic eye masks, and head wraps" in Class 25 as shown in U.S. Application Serial No. 77170813.

7.  All proceedings before the Trademark Trial and Appeal Board have been suspended pending resolution of this case.

## VII. Designation of Deposition Testimony

Neither party has designated deposition testimony to offer as evidence at trial.

## VII. Witnesses

### A.  On behalf of Milagros

1. *Irene-Luisa Torres* (will testify in person). Ms. Torres is the principal and founder of Milagros. She will testify regarding ownership of the Mark, the relationship between the parties, and all other aspects of Milagros's claims, defenses, and damages.

2. *Raymond Figueroa* (will testify in person). Mr. Figueroa is the Secretary and an employee of Milagros. Mr. Figueroa will testify regarding Milagros's ownership of the Mark, production and operations, the relationship between the parties, and other aspects of Milagros's claims, defenses, and damages.

### B.  On behalf of PVL

1. *William Wong* (will testify in person). Mr. Wong is a principal of PVL and will testify regarding ownership of the BETTA mark, the relations between the parties, and all other aspects of PVL's claims, counterclaims and defenses.

2. *Lynn Wong* (will testify in person). Ms. Wong is a principal of PVL and will

4

testify concerning ownership of the BETTA mark, the relations between the parties, and all other aspects of PVL's claims, counterclaims and defenses.

### VIII. Designation of Exhibits

The parties hereby provide those exhibits identified for potential use during their case in chief. Nothing herein shall limit either party's right to introduce exhibits not contained on the list for the purposes of impeachment or rebuttal.

#### A. Milagros's Exhibits:

|    | Description | Objection |
|----|-------------|-----------|
| 1  | Milagros Application for Registration of BETTA mark | |
| 2  | U.S. Copyright Registration | |
| 3  | U.S. Customs Bond Notification | |
| 4  | Packaging Sample | |
| 5  | Sample Customer Terms re Sales | |
| 6  | Certificates of Liability Insurance | |
| 7  | Advertising Samples | |
| 8  | Milagros P&L Statement 2004 | |
| 9  | 10/2003 and 11/2003 e-mails Milagros re Chip and Card Designs | X |
| 10 | 10/27/03 Invoice to Flicker from Milagros | |
| 11 | 04/22/04 e-mail from Flicker to Milagros re orders | |
| 12 | 04/26/04 Customer Purchase Order | |
| 13 | 04/30/04 Milagros Purchase Order | |
| 14 | Milagros Invoices 1, 2, 3 | |
| 15 | Shipping Documents re MIL Invoices 1, 2, 3 | |
| 16 | Shipping Documents re Filene's Basement | |
| 17 | 09/20/04 Topper Debit Note | |
| 18 | Purchase Order/Invoice (Big M) | |
| 19 | Purchase Order/ Invoice (Daffy's) | |
| 20 | Purchase Order/Invoice (Marmaxx) | |
| 21 | Footwear Development Sheet | |
| 22 | Summary of Transactions | |
| 23 | 08/11/04 e-mail from Milagros to PVL re quality | |
| 24 | 08/27/04 e-mail from PVL to Milagros re outsole | |
| 25 | 08/30/04 e-mail from Milagros to PVL re quality | |
| 26 | 08/30/04 e-mail from Milagros to PVL re incorrect samples | |
| 27 | 08/30/04 e-mail from Milagros to PVL | |
| 28 | 08/31/04 e-mail from Milagros to PVL re Box Packing | |
| 29 | 09/07/04 e-mail from Milagros to PVL re packing | |
| 30 | 06/20/05 e-mail from Figueroa to Wong | |
| 31 | 06/20/05 e-mail from Figueroa to Wong | |

| 32 | 07/15/05 e-mail from Figueroa to Wong | |
|---|---|---|
| 33 | 08/17/05 e-mail from Figueroa to Wong | |
| 34 | 11/23/05 e-mail from Milagros to PVL re quality | |
| 35 | 09/3/06 e-mail from Milagros to PVL re corrections | |
| 36 | 12/19/03 e-mail from Milagros to Topper re products | |
| 37 | 06/24/04 e-mail from Torres to Champion Wealth re development | |
| 38 | 07/06/04 e-mail from Milagros to Flicker re quality | |
| 39 | 07/27/04 e-mail from Torres to CG Shoes re development | |
| 40 | 08/10/04 e-mail from Milagros to Flicker re packaging | |
| 41 | 07/2004 and 08/2004 Invoices from E.J. Originals to Milagros | |
| 42 | 08/25/04 e-mail from Milagros to Flicker re quality | |
| 43 | 12/20/04 e-mail from Milagros to Flicker re packing | |
| 44 | PVL Certification re Application for Registration | |
| 45 | PVL Application Documentation | |
| 46 | Publication in Gazette re PVL application for registration | |
| 47 | Opposition to PVL's Application for Registration | |
| 48 | Christensen O'Connor Invoice | |
| 49 | Check paid by Milagros to Christensen O'Connor | |
| 50 | 0/14/06 Letter from Mark Walters to Susan Douglass | |
| 51 | Invoice MIL 148/04 | |
| 52 | Invoice MIL 149/04 | |
| 53 | All documents identified by Defendant PVL | |

### B. PVL's Exhibits:

| | Description | Objection |
|---|---|---|
| A | November 7, 1997 letter from K. Grey to W. Wong and L. Wong | |
| B | Hong Kong trademark registration of Betta | X |
| C | April 8, 2003 email from Torres to W. Wong | |
| D | August 10, 2003 email from Torres to W. Wong | |
| E | August 11, 2003 email from W. Wong to Torres | |
| F | August 12, 2003 email from Torres to S. Chen at Progress Vantage | |
| G | September 28, 2003 email from Torres to L. Wong | |
| H | September 30, 2003 email from Torres to L. Wong | |
| I | September 30, 2003 email from Torres to L. Wong | |
| J | Payment receipts and other correspondence re: Bay Bridge accommodations | |
| K | October 2, 2003 email from Torres to L. Wong | |
| L | October 3, 2003 email from Torres to L. Wong | |
| M | October 16, 2003 email from Torres to W. Wong | |
| N | October 22, 2003 Letter from W. Wong to D. Roberts at Helmsley-Spear, Inc. | |
| O | November 9, 2003 email from Torres to F. Mak at Progress Vantage | |

| P | December 24, 2003 email from Torres to L. Wong | |
|---|---|---|
| Q | January 12, 2004 email from Torres to W. Wong | |
| R | June 14, 2004 Application for Trademark with USPTO | |
| S | September 30, 2004 email from L. Wong to Torres | |
| T | October 4, 2004 email from L. Wong to Torres | |
| U | January 19, 2005 office action from USPTO to Progress Vantages | |
| V | August 26, 2005 email from Torres to L. Wong | |
| W | March 29, 2006 email from Torres to L. Wong | |
| X | March 29, 2006 email from Torres to W. Wong attaching Neet Feet Letter and Progress Vantage's application with the USPTO | |
| Y | March 30, 2006 email from Torres to L. Wong | |
| Z | April 14, 2006 letter from M. Walters to Neet Feet's counsel S. Douglass | |
| AA | August 14, 2006 Consent Letter from Mo Betta | |
| BB | March 13, 2007 email from K. Grey to Torres | |

### C. Demonstrative Exhibits

Milagros may seek to introduce demonstrative exhibits during trial. Such demonstrative exhibits may include design documents that contain trade secret and proprietary information. Milagros does not seek to limit the use of such demonstrative exhibits at trial, but will seek to use such exhibits for demonstrative purposes only.

### IX. Action by Court

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the course of the action unless modified by a subsequent order. This order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this ____ day of May 2008.



HONORABLE SIDNEY H. STEIN

7

07 Civ 3215 (SHS)

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Daniel S. Moretti (DM 6630)
Attorneys for Plaintiff
Milagros Imports Limited
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

STOEL RIVES LLP

By: _____
Vanessa Soriano Power (WSBA 30777)
*Admitted pro hac vice*
Attorneys for Plaintiff
Milagros Imports Limited
600 University Street, Suite 3600
Seattle, WA 98101
(206) 624-0900

STORCH, AMINI & MUNVES, P.C.

By: _____
Benjamin Felcher Leavitt
Attorneys for Defendant
140 E 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

5/27/08
So ordered.

Sidney H. Stein
U.S.D.J.

8

Seattle-3415965.4 0074068-00001